COLLINS v. THE CITY OF NEW ALBANY ET AL.

CITY.—Act of 1852.—Extension of City Limits.—Power of Common Council.—
Taxes.—The common council of a city incorporated under the act of
June 18th, 1852, "for the incorporation of cities," 1 R. S. 1852, p. 203, had
the power, by resolution, under section 81 of such act, while it continued in
force, to so extend its boundaries as to include adjoining land which had
been laid off and platted in lots or blocks, and a plat thereof duly re-
corded. And the territory so included thereby became, and is, liable to
taxation for city purposes.

From the Floyd Circuit Court.

J. H. Stotsenburg, for appellant.

J. Herter, for appellees.

NIBLACK, J.—James Collins, the appellant, instituted
proceedings against the city of New Albany and Samuel
M. Weir, its treasurer, the appellees, to enjoin the collec-
tion of certain taxes assessed upon his lands, which, he
alleged, did not lie within the territorial limits of said
city.

A demurrer to the complaint, for want of sufficient
facts, was sustained, and there was judgment on the de-
murrer.

The appellant complains here, that the court erred in
sustaining the demurrer to his complaint.

From the complaint and accompanying exhibits, we
proceed to make a statement of the facts, as we under-
stand them, which are presented for our consideration by
this appeal:

On the 1st day of April, 1853, one Thomas Conner,
being the owner of survey lettered "B," of No. 28, Illi-
nois grant, lying contiguous to the city of New Albany,
in the county of Floyd, in this State, laid off so much of
said survey as lies between Vincennes and Silver streets,
and between Elm street and the alley running between
Spring and Market streets, into lots.

The said Conner was, at the same time, the owner of
twenty-five acres of survey lettered "E," of said No. 28,

of said Illinois grant, and part of what was known as the Shelby tract, or No. 42, of said grant. After laying out said lots, he made a plat of them in due form, and in that plat he included still a further portion of said survey lettered "B," lying north of said lots, and those portions of survey lettered "E," and of the Shelby tract above described, as well as some lots theretofore sold by him to Anderson, Wilcox and Pepin. That portion of the land included in the plat which lay south of the lots laid off as above described was divided by the plat into nine blocks or squares, numbered from one to nine, both inclusive, and that portion of said land lying north of said lots was divided by the plat into seventeen blocks or squares (not counting what had been previously sold to said Anderson, Wilcox and Pepin,) numbered from ten to twenty-six, both also inclusive; such blocks or squares containing apparently about five or six acres each. This plat bears date, and purports to have been signed by the said Conner, on said 1st day of April, 1853, and was afterwards, on the 28th day of September, 1853, duly acknowledged and recorded in the recorder's office of Floyd county.

Said plat is accompanied by, and has written on its face, certain descriptions, explanations and dedications, as follows:

"The foregoing plat, made by Thomas Conner, is a division into lots, with streets and alleys, of part of letter 'B,' in No. 28 of the Illinois grant; also of twenty-five acres of letter 'E,' in said No. 28 of said grant, and part of the Shelby tract, or No. 42 in said grant (including the lots sold Anderson, Wilcox and Pepin), into blocks or squares, by the drawing lines across said grounds where the centre line of the streets will come when the same is platted to correspond with the Conner plat and the streets in this plat, it being the intention of said Conner to plat said grounds, or in the event of their being sold by him, to provide for their being platted to corre-

spond with contiguous grounds already platted; said Conner gives the north half of Market street of this plat, with the understanding that the owners of the lots in Clark and Elderkin's plat will give the thirty feet in width for the south half of said, street to make said Market street sixty feet wide. The streets and alleys, as exhibited, open and of the width marked on said plat, are given for the use of the public forever. The lots are all of the size marked on said plat, but the blocks or squares in letter 'E,' No. 28, lying south of Spring street, are not laid down from actual measurement, and are expected to overrun. This plat is to be known as Plat No. 47.

"Witness the hand and seal of said Thomas Conner, this 1st day of April, A. D. 1853.

"THOS. CONNER. [Seal.]"

On the 27th day of March, 1854, the common council of the city of New Albany passed a resolution extending the boundaries of said city so as to include, with other parcels of land, all the lots and lands embraced within said Plat No. 47, and declaring such lots and lands to be annexed to said city, and thereafter to be within the jurisdiction of the same.

About the year 1869, the appellant became the owner, and went into the possession, of three of the blocks or squares described in said plat, which lie north of the lots laid off and platted by said Conner as first above set forth, and which compose a portion of said survey lettered "B," to wit, blocks or squares numbered twelve (12), sixteen (16) and seventeen (17), containing together sixteen acres, ever since using and cultivating the same exclusively as a farm, and raising only agricultural products thereon.

In the year 1873, and again in the year 1874, the city assessor of the city of New Albany listed these last-named blocks or squares for taxation for city purposes, and in consequence thereof taxes in favor of said city

were assessed against the same for those two years, for about the aggregate sum of two hundred and twenty dollars.

During the year 1875, said taxes remaining still unpaid, and the said Weir, as treasurer of said city, being about to. levy upon and make sale of the appellant's personal property for the payment thereof, the appellant brought this suit to enjoin the collection of said taxes.

The appellant contends that his said blocks or squares ought not to have been so assessed for city taxes, because he claims that they were never properly annexed to, or otherwise legally brought within the jurisdiction of, the city of New Albany; and whether those blocks or squares were ever actually annexed to that city, is the only question really at issue between the parties.

A portion of section 81 of " An act for the incorporation of cities," 1 R. S. 1852, 1st ed., p. 220, which was in force when the resolution of annexation above referred to was passed, and which is pertinent to the question thus. at issue, reads as follows :

" Sec. 81. Whenever there shall be lots laid off and platted, adjoining such city, and a record of the same is made in the recorder's office in the proper county, the common council may, by a resolution of the board, extend the boundary of such city so as to include such lots ; and the lots thus annexed shall thereafter form a part of such city, and be within the jurisdiction of the same."

The appellant argues, that, as the language used in the descriptive part of the plat before us, quoted above, indicates that it was intended by Conner, when he made the plat, that the blocks or squares should be thereafter subdivided and platted into lots, to correspond with the smaller lots and streets which he had already laid out and platted, it can not be said that those portions of ground constituting such blocks or squares had been laid off into lots and platted, within the meaning of section 81 of the statute above cited.

We can not, however, adopt the construction thus insisted upon by the appellant.

In the case of *The City of Evansville* v. *Page*, 23 Ind. 525, it was held that subdivisions, marked on a plat with the evident view of impressing upon them the character of urban as contradistinguished from rural use, are to' be regarded as "lots" in the sense'of the statute.

Regarding the rule thus laid down as a reasonable one, ·we feel it our duty to adhere to it.

We think all the ground covered by the plat under consideration must be regarded as laid off into "lots" and platted, when such plat was acknowledged and recorded in the proper recorder's office, and that, consequently, the resolution of annexation brought the appellant's lands within the limits and jurisdiction of the city of New Albany. *The Mayor, etc.,* v. *Weems,* 5 Ind. 547.

The plat in question affords the appellant a description of his property by numbers and subdivisions instead of by metes and boundaries, and has thus become one of his muniments of title.

We can not hold that the court below erred in sustaining the demurrer to the complaint.

The judgment is affirmed, at the costs of the appellant.