[No. 13692. In Bank.— July 10, 1891.]

ONTARIO LAND AND IMPROVEMENT COMPANY, RESPONDENT, v. EDMOND BEDFORD ET AL., APPELLANTS.

MORTGAGE — RELEASE OF TOWN LOTS — UNSUBDIVIDED BLOCKS — CONSTRUCTION.— Where a mortgage of separate parcels of town property provides for the release of town lots fronting on certain streets from the lien of the mortgage, upon the payment of a specified sum for each lot released, according to its location, and it appears that the land was divided into blocks, most, but not all, of which were subdivided into lots, unsubdivided blocks are not to be considered as "lots" within the meaning of the mortgage, and are not subject to release for the same consideration as "lots" in adjoining blocks.

ID.— SALE UNDER FORECLOSURE — CONSTRUCTION OF CODE — RIGHTS OF
JUDGMENT DEBTOR — SEPARATE SALE OF TOWN LOTS — SETTING ASIDE
SALE EN MASSE. — Section 694 of the Code of Civil Procedure is applica-
ble to sales of real property under judgment of foreclosure; and where the
judgment is silent as to the manner or order in which the property shall
be sold, the judgment debtor may direct the manner and order of the
sale, and may require the officer to sell separately separate town lots,
and if his directions are disregarded, it is ground for setting aside the sale.

APPEAL from a judgment of the Superior Court of
San Bernardino County, from an order denying a new
trial, and from an order refusing to set aside a sale under
an execution.

The facts are stated in the opinion of the court.

*Charles J. Perkins,* and *H. C. Rolfe,* for Appellants.

As the words employed in the mortgage were those
intended to be used, the fact that their actual meaning
is different from that which the parties intended is no
ground for reforming the mortgage, and parol evidence
is inadmissible to show that the parties construed the
language differently. (2 Parsons on Contracts, 6th ed.,
496; Adams's Equity, 170; 1 Greenl. Ev., sec. 277; *Bigelow*
v. *Collamore,* 5 Cush. 226; *Harper* v. *Gilbert,* 5 Cush. 417.)
In other words, if a party knows the contents of an agree-
ment or instrument, he cannot defeat its performance or
obtain its reformation because he mistook the legal mean-
ing and effect of the whole or any of its provisions. (2
Pomeroy's Eq. Jur., sec. 843.) The sale of the premises
under the execution was not made in accordance with
law and the directions given by the judgment debtors,
and the court should have set it aside. (Code Civ. Proc.,
sec. 694.)

*Waters & Gird,* and *William G. Webb,* for Respondent.

If the mortgage gave the mortgagors the right to de-
mand a release of blocks 25 and 33 under the release
clause, the court below, under the pleadings and evidence,
should have reformed it. (*Jarnatt* v. *Cooper,* 59 Cal. 703;

*Murray* v. *Drake*, 46 Cal. 644; *Russell* v. *Mixer*, 42 Cal. 475; *Quivey* v. *Baker*, 37 Cal. 471.) The judgment being silent as to the manner or order in which the separate parcels of land should be sold, the judgment debtor had the right to require that the separate lots or parcels should be sold separately, and might also direct the order in which they should be sold. (*Carmichael* v. *McGillivray*, 57 Cal. 8; *Hopkins* v. *Wiard*, 72 Cal. 529. See also *Vigoreux* v. *Murphy*, 54 Cal. 351; Wiltsie on Mortgage Foreclosures, secs. 528, 531, 533; *San Francisco* v. *Pixley*, 21 Cal. 60; Code Civ. Proc., sec. 726.) Section 694 of the Code of Civil Procedure applies alone to cases in which there is a judgment for money, and has no application to foreclosure sales.

DE HAVEN, J. — There are appeals in this case from a judgment in favor of plaintiff foreclosing a mortgage, from an order refusing defendants' motion for a new trial, and also from an order of the court denying the motion of defendants to set aside a sale of the mortgaged premises made under an execution in the action.

The mortgage covers separate parcels of land in what is known as Ontario Colony, and contains a provision by which the mortgagees agree to "release from the lien of this mortgage those parts, portions, or subdivisions of said mortgaged premises designated on said plat of said town of Magnolia as fronting on Euclid Avenue, upon the payment to said parties of the sum of $200 for each of said lots; all lots fronting on First, Second, and Third streets, north of D Street, upon the payment to them of $120 for each of said lots; all lots fronting on First, Second, and Third streets, north of D street, upon the payment to them of $140 for each of said lots; all lots fronting on Fourth Street, upon payment to them of $90 for each of said lots; and all lots fronting on Fifth and Sixth streets, and Camper's Avenue, upon the payment to them of $80 for each of said lots."

The map referred to shows that the town of Magnolia is laid off into streets and blocks, the latter, with the exception of blocks 33 and 25, being subdivided into lots. The lots are of different size, some of the blocks being divided into a greater number of lots than others.

Appellants claim that the unsubdivided blocks, 33 and 25, are lots within the meaning of that part of the mortgage above quoted, and so subject to release, in accordance with its terms.

1. The word " lot " may undoubtedly be so used in a conveyance as to mean the entire premises conveyed, whether such premises consist of a farm, or even a block in a city. But the ordinary meaning of this word, when used with reference to town or city property, is a subdivision of a block according to the map or survey of such town or city, and there is nothing upon the face of this mortgage to indicate that it was used in any different sense by the parties thereto. The map of the town of Magnolia is expressly referred to, and for the purpose of construing the mortgage must be deemed a part of it. This map shows that there are town lots fronting upon all the streets named in that part of the mortgage relating to releases; and as these answer or satisfy the description given to the parcels subject to release, the mortgage must be construed as referring to them, and the amount to be paid for the release of each lot refers to a town lot as designated on the map, and not to an entire block. To hold that block 33 is a lot would enable the defendants to secure its release upon payment of the same sum as is provided for the release of the one thirty-second part of the adjoining block 34; and while it would have been competent for the parties to have made such an agreement, the intention to do so is not to be inferred from the use of a word which, in ordinary acceptation, as applied to town property such as this, conveys a different meaning.

2. The judgment in this case did not mention the

particular manner or order in which the several parcels of the mortgaged property should be sold.

The record shows that the attorneys for the defendants directed the officer making the sale to sell the lots separately, and also the order in which they should be sold. These directions were disregarded, and the defendants subsequently moved the court to set aside the sale because of the failure of the officer to follow such instructions. The motion was denied. This ruling of the court was erroneous. The process under which the judgment in this class of cases is enforced if provided for in section 684 of the Code of Civil Procedure, and the subsequent section, 694, which is a part of the same chapter, dealing with the general subject of the execution of judgments, is applicable to sales of real property under judgments of foreclosure; and when, as in this case, the judgment is silent as to the manner or order in which the separate parcels shall be sold, the judgment debtor has the right to require that separate lots or parcels shall be sold separately, and may also direct the order in which they shall be sold.

The Practice Act, in force prior to the adoption of the Code of Civil Procedure, contained a chapter relating to the execution of judgments in civil cases, substantially the same as the one upon the same subject in the Code of Civil Procedure, and in the case of *Leviston* v. *Swan*, 33 Cal. 480, it was held that a decree of foreclosure need not contain any special directions as to the mode or place of sale, because such matters are regulated by law, and that by virtue of process to enforce such a judgment the sheriff is required "to sell the mortgaged property in the mode and manner and at the place designated in the Practice Act for the sale of real estate under judicial process, and make a return of his proceedings, as in the case of an execution upon a money judgment."

Judgment and order denying motion for new trial affirmed. The order refusing to set aside the sale of

the property directed by the judgment to be sold is reversed.

McFARLAND, J., PATERSON, J., HARRISON, J., and GAROUTTE, J., concurred.