Filed Nov. 23, 1891.

---

No. 14,588.

GLOVER ET AL. *v.* THE CITY OF TERRE HAUTE ET AL.

MUNICIPAL CORPORATION.—*Lots.*—When property is platted into lots and marked in such a way as to impress upon it the character of urban property as distinguished from rural use, the subdivisions are regarded as "lots" within the meaning of the statute authorizing the annexation of territory platted into lots.

SAME.—*Annexation.—Motive.—Taxes.—Injunction.*—The motive of a city in annexing territory can not be inquired into in an action to enjoin the collection of taxes levied on the property by the city.

From the Vigo Superior Court.

*N. G. Buff, H. C. Pugh* and *G. E. Pugh,* for appellants.

OLDS, J.—This action was brought by the appellants against the appellees to enjoin the collection of certain city taxes assessed against the property of the appellants. The trial resulted in a judgment in favor of the appellees. The question presented relates to whether or not the lots owned by the appellants, and against which taxes are assessed, were legally annexed to and became a part of the corporation of the city of Terre Haute. There is no brief filed on behalf of the appellees, and no defects in the proceedings to annex the territory pointed out by counsel for appellants in their brief. The territory so owned by the appellants, and annexed by the city, was subdivided and platted into lots ranging from two and one-half to five and ten acres; some of

VOL. 129.—38

the lots were built upon and used as residence property; some were fenced and used as pasture lots, and some were not fenced, and constituted an open commons, when the property was annexed, some fifteen years before this suit was brought. It is contended that the lots, being larger than the ordinary city lots, are not "lots" within the meaning of the statute authorizing the annexation of territory platted into lots, but this question has been settled adversely to the contention of the appellants. *Collins* v. *City of New Albany*, 59 Ind. 396; *City of Evansville* v. *Page*, 23 Ind. 525.

In the latter case it is held that when property is platted into lots and marked in such a way as to impress upon it the character of urban property, as distinguished from rural use, the subdivisions are regarded as "lots" within the meaning of the statute, and this doctrine was approved in the former case. *Edmunds, etc.,* v. *Gookins*, 24 Ind. 169.

The further objection of counsel is that the city has been neglectful of its duty in extending water-works, street improvements and lights into this portion of the city, and that, by such neglect, they have forfeited their right to treat it as a part of the city, though the city has maintained a school in this portion of the city, contending that the purpose and object of the city in making the annexation was simply to increase the revenues of the city by the taxation of this property. We can not agree with this theory of counsel. The motive of a city in annexing territory can not be inquired into in an action to enjoin the collection of taxes levied on the property by the city. *City of Logansport* v. *Seybold*, 59 Ind. 225; Thornton Indiana Municipal Law, 3195, 3196, and notes.

There is no error in the record.

Judgment affirmed, with costs.

Filed Dec. 8, 1891.