PATTERSON, J.
—An assignee for the benefit of creditors appeals from a decree settling his accounts. He is charged, on the-accounting, by the referee before whom it was had, with a final balance of $10,832.45, as being in his hands and belonging to the assigned estate. The testimony taken by the referee is not before the court, but counsel for the appellant concedes that each of the findings of fact made by the referee is correct, and established by proof. The conclusions drawn by the referee from such admitted facts are alone attacked, and. we have, therefore, to consider only whether he has refused to give credits, or has made debits, to the assignee, at variance with the conceded facts. The general statement of the account as finally settled by the referee charges the assignee with $49,858.34 and credits him with $39,-025.89, leaving the resultant balance mentioned. .The assignee’s accounts are not made up in debtor and creditor form, but by schedules, of which there are four, marked, respectively, “ A,”' “ B,’’ “ 0,” and “ D." Schedule A is the inventory of the assets- *35 o£ the estate and the amount realized on them; B, of rents paid upon leasehold property; 0, various item of payments; and D, payments of ground rents and other charges upon the leasehold, and alleged to have been incurred in connection therewith. The claimed credits in Schehules D and 0, disallowed by the referee, appear in his report; but on the argument the appellant’s counsel stated he would not insist upon the objections to such disallowance. The balance, $10,832.45, is composed of two principal items. As to the first, the referee finds the assignee chargeable with $2,190.73, being the difference between the amount of the assigned estate realized by the assignee, as stated in Schedule A ($5,689.85), and the amount of the credits allowed in Schedule C ($3,499.22).
The objection to the disallowance of items of credits claimed in Schedule 0 being withdrawn, there remains for consideration but one subject, which constitutes the important question in dispute, the facts concerning which are the following: Among the assets of the assigned estate was a leasehold interest in the property at White street and West Broadway in the city of New York. The premises were subject to mortgages to the amount of $70,000, and the full appraised value of the leasehold "was only $75,000. It was also subject to an annual ground rent of $6,000. The assignment was made on the 10th day of November, 1871. In December, 1871, a decree of foreclosure of the $50,000 mortgage was made and entered. Portions of the premises were occupied by tenants of tne assignor. The assignee retained possession, and held it until 1874, when the property was sold under the decree referred to. The assignee’s administration of this leasehold property has been most reprehensibly negligent and improvident. As accurately as can be ascertained during the period of his possession of the household property, he spent $44,168.49 upon it, and received as rents $35,526.67, thus causing the estate to lose, apparently $8,641.82. This grossly incompetent mismanagement was continuous, from the beginning of the assignee’s possession ; and the difference between the income and the expenses of the administration of the leasehold property shows, from the beginning, that it would be a most extravagant and wasteful administration to keep possession of the leasehold. The assignee’s retention of the leasehold was not at the request of creditors, but seems, rather, to have been at the desire of the assignor; and the assignee’s conduct is inexcusable, under the facts as found by the referee, and admitted to be true. For such wasteful and extravagant conduct of the assignee, he should be held liable for whatever loss has accrued in consequence thereof.
But it is urged by the appellant that it is just in that feature that the conclusion of the referee is without support in the facts as he finds them. It is made to appear that the balance of $8,641.82, with which the assignee has been charged on his leasehold account, could not have been paid out of the moneys of the estate, because only thirty-five thousand'and odd dollars were received from it, whereas forty-four thousand and odd dollars were expended on it; and, as all other receipts of the assigned estate have *36 been accounted for, the inference is drawn by the appellant that • the excessive payments on the leasehold over the receipts derived from the pi'operty must have been paid by the assignee out of his own money. On these facts, it is found by the referee that the assignee should be charged with all the expense incurred on the White street property, amounting to $44,168 49, and should be credited with rents received $35,526.67. This is inverting the ordinary way of stating an account. He should be charged with what he received and credited with what he has disbursed. Now, it is fully apparent that all that was received by the assignee from all sources is $41,216.52, and he is allowed by the referee $39,-025.89, which would leave a balance of $2,190.53. It is not perceived how the assignee could have paid out moneys of the estate to the extent of $8,000 more than he received, and it is incomprehensible upon what principle he could be charged with that amount as moneys of the estate when not one dollar of it is traced in his hands, and he is not shown to be responsible for adollar of it in consequence of any neglect in collecting what was due the estate. It is apparent that the assignee did not keep proper accounts, but "the account he has rendered has not been charged with any item which he neglected to receive. It is shown that he allowed the assignor and the mortgagee to collect moneys from the tenants of the leasehold ; but it is not shown that they failed to account to him, or to pay over to him any particular item. He is not to be charged with indebtedness to the estate upon a naked assumption, not supported by any proof, and not one dollar of loss to the- estate is shown by reason of any of the transactions of the assignee in connection with this leasehold. That it was his duty to relinquish the lease when he discovered its unprofitable character is true, and the court below was right in the criticism which it has made upon his conduct in that respect. - But, while he is credited with the rents received, and is allowed his payments to an equal amount, by what process of reasoning he is made a debtor to the estate for moneys paid in excess of that amount, and which are not shown to have been moneys of the estate, and which account is made up by the referee, or how those "moneys can form an asset of the estate, is not comprehensible. The sufficient penalty to the assignee for his improvident action with reference to this.leasehold is the disallowance of a credit for the amount he paid out in excess of the amount he received from this leasehold property. But there is no basis whatever in the. findings of the referee to charge him with any amount of assets over and above those with which the referee has made him accountable.
The decree should be modified by reducing the final balance found due against the assignee from $10,832.45 to $2,190.63, and the account should be restated, and the balance found due redistributed in proper proportions among the creditors, with the costs and disbursements of this appeal to the assignee, to be deducted from the final balance as now made up.
All concur.