## TOWN OF GREENDALE *v.* SUIT ET AL.

[No. 20,353.   Filed July 1, 1904.]

MUNICIPAL CORPORATIONS.—*Sidewalks Along Unplatted Lands.—Improvement of.*—Where a municipal corporation builds a sidewalk under Acts 1859, p. 184, §4394 *et seq.* Burns 1901, along unplatted lands, it will not be entitled to enforce a lien on such lands, since said act applies only to construction of sidewalks along lots, the title to said act not using any words indicating any different meaning to the word "lot" than its common one, and the statute being of such a character as to require strict construction. ` p. 284.`

SAME.—*Lien by Estoppel.*—Where a town builds sidewalks along unplatted land, it may, if the facts justify, enforce a lien by acquiescence or estoppel of the owner thereof.   *pp. 284, 285.*

PLEADING.—*Complaint.—Error on Both Sides.—Reversal.—Costs.*—Where a complaint is wholly insufficient on the theory outlined, but might be made good on another theory, and a demurrer is erroneously overruled thereto, and on the trial of the cause evidence is admitted upon an erroneous theory of defense, the court will reverse the case at the costs of the appellant, since justice can not be done by any other course, leave to amend the complaint being given on reversal.   *pp. 285–287.*

From Dearborn Circuit Court; *N. S. Givan*, Judge.

Action by the town of Greendale against Calvin Suit and others. Decree for defendants and plaintiff appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Reversed.*

W. N. *Hauck* and M. H. *Stevens*, for appellant.
C. J. *Lang* and M. J. *Givan*, for appellees.

GILLETT, J.—This action was brought by appellant against appellees to establish and enforce a lien for the cost of building a cement walk for a distance of 682 feet on the west side of Ridge avenue, in said town, along and abutting upon certain real estate. A demurrer to the complaint was overruled. Issues of fact were framed, and there was a finding and a judgment for appellees. A motion for a new trial was filed by appellant, which was overruled, and that ruling is assigned as error.

Upon the trial of the cause the court permitted certain prior ordinances, providing for the building of a cement walk along said route, to be read in evidence, and also, over objection and exception, permitted certain remonstrances to the ordinances last mentioned to be introduced. Appellees' counsel first seek to justify the ruling last mentioned by the assertion that, after property owners have successfully remonstrated against an improvement, under the act of March 4, 1899 (Acts 1899, p. 411, §4289a Burns 1901), the board has no further authority to proceed. Here, however, the specifications for the improvement under the ordinance pleaded in the complaint were different from the specifications of the preceding ordinances, and for this reason we are of opinion that the point made by counsel, as stated above, is not well taken.

It is next insisted on behalf of appellees that the complaint is insufficient, and that, therefore, the judgment should be affirmed, irrespective of any intervening error. We shall consider the two propositions involved in this insistence in the order mentioned.

It appears from the complaint that the proceeding for the building of said walk was had under the act of February 14, 1859 (Acts 1859, p. 184, §4394 et seq. Burns 1901). The real estate against which the lien is sought is shown by the complaint to consist of two tracts containing respectively forty-one and sixty-seven hundredths acres and fifty-two and twenty-two hundredths acres. It does not appear in the complaint that said tracts are town lots. The act mentioned is entitled "An act to compel owners of town lots to grade and pave or plank sidewalks, and fixing the penalty thereto." The title of the act is an efficient index of the character of the enactment. So far as we have been able to ascertain, in all of the other acts of this State which authorize municipalities to make street improvements, there is some term of broader significance coupled with the word "lots." In *Ontario Land, etc., Co.* v. *Bedford* (1891), 90 Cal. 181, 184, 27 Pac. 39, it is stated that "the ordinary meaning of this word [lot], when used with reference to town or city property, is a subdivision of a block, according to the map or survey of such town or city." See, also, 19 Am. and Eng. Ency. Law (2d ed.), 586; *White* v. *Gay* (1837), 9 N. H. 126, 31 Am. Dec. 224; *City of Evansville* v. *Page* (1864), 23 Ind. 525; *Collins* v. *City of New Albany* (1877), 59 Ind. 396; *Glover* v. *City of Terre Haute* (1891), 129 Ind. 593. Strict construction is the rule as applied to statutes of this character, and no other assessment than such as the statute prescribes can be made. *Niklaus* v. *Conkling* (1888), 118 Ind. 289; Elliott, Roads and Sts. (2d ed.), §544. We are therefore of opinion that the act of 1859 did not authorize the fixing of a lien upon the property described in the complaint.

In a case where the reliance of the municipality is upon acquiescense on the part of the landowner in such circumstances as to preclude him from questioning his liability, and it is impossible to state a cause of action under the

statute and yet keep within the facts, the plaintiff should tender an issue in his complaint upon the matter of the acquiescence relied on. *Taylor* v. *Patton* (1903), 160 Ind. 4. There is no such showing in the complaint before us, and appellees' counsel are correct in their assertion that said pleading is insufficient.

It does not, however, follow that upon this state of the record the judgment below should be affirmed, notwithstanding the erroneous ruling pointed out. As stated above, the court below overruled a demurrer to the complaint. Now, if we refuse to reverse, for an error committed during the trial, because the complaint is insufficient, the result is that by means of these different theories as to the law the appellant has been misled. In the case of *Field* v. *Brown* (1896), 146 Ind. 293, where it was urged that a judgment against the appellant therein should be affirmed because his complaint was insufficient, this court said: "There is no question about the rule, but it has this qualification: 'If the wrong ruling asserts a definite and clearly marked theory, * * * unless the record shows the contrary, and if that theory is wrong and probably works injury, there is error.' Elliott, App. Proc., §590. And if a ruling upon the formation of the issues is wrong, it may be corrected by the court, but it must be done at such time and in such manner as not to prejudice the rights of the pleader. Elliott, App. Proc., §§695, 697. Treating the error as in the overruling a demurrer to the first paragraph of complaint, the theory asserted by the ruling was that the appellant might recover thereon without proof of demand. The subsequent action of the court in denying a jury trial, so far from correcting that error, would have been the most palpable deception and injustice to the appellant, who was entitled to amend, but was deprived of the right by a ruling having no apparent reference to his pleading. Treating the error as in refusing a jury trial, we do not perceive how that error was cured by the former

erroneous ruling; and especially are we unable to discover how that method of curing the error would not result in injustice to the appellant, who was entitled to have the court follow the theory adopted in the formation of the issues, and, if any change of theory were adopted, that it might be done without prejudice to his rights."

In *McCole* v. *Loehr* (1881), 79 Ind. 430, the complaint of the appellant therein was insufficient, and there had been a ruling upon the trial which would have entitled him to a reversal had his complaint stated a cause of action. The question being thus presented, it was said by this court: "We think the true rule is to remand the case, so as to afford an opportunity to amend in all cases where it does not appear that no amendment can make the complaint good. In cases where it appears that amendment will not make a good complaint, there ought to be an affirmance, for it would be useless to remand the cause. Where, however, it appears that there may be an amendment which will make the complaint state a cause of action, the procedure most likely to secure substantial justice is to remand at the appellant's costs. This is, as we think, in harmony with the spirit of our code. This course enables the appellant to make good his cause if he can, and denies to the appellees no substantial rights. It leaves the way open for all defenses; it cuts off none. If the statute of limitation precludes an amendment, or if for any cause an amendment is improper, or can not be made, the appellee may avail himself of his right to prevent one from being made. In short, by remanding, the case goes back to the trial court, where the rights of the litigants can be fully considered and adjudicated." See, also, *Kelley* v. *Adams* (1889), 120 Ind. 340; *Town of Monticello* v. *Kennard* (1893), 7 Ind. App. 135; *Davis, etc., Mfg. Co.* v. *Booth* (1894), 10 Ind. App. 364.

The case before us appears to have been disposed of either upon the theory that the property against which a

foreclosure was sought was not composed of town lots, or else upon the supposition that the remonstrances deprived the trustees of power to pass an amended ordinance upon the subject. As before stated, the remonstrances should not have been permitted to go in evidence, and, if the finding was against appellant because the property against which the lien was sought was not composed of town lots, the court's position should have been manifested by a reversal of its ruling on the demurrer.

There was at least enough evidence upon the trial tending to show such a standing by and acquiescence in the proceeding had for the making of said improvement as to suggest that under proper issues evidence might be produced upon a second trial which would entitle appellant to recover. There was an attempt by it to set up such matter in an answer to a cross-complaint, but the answer was insufficient, and there was no finding and no judgment upon the cross-complaint, so that the vital matter in the case, if it exists, has not been drawn in issue or determined.

Whether another trial would or should produce a different result we can not determine, but, considering that there was intervening error, and that there is enough in the record to suggest that the question of very right may not have been reached, we are of opinion that there should be a reversal, taxing the costs, however, both in this court and in the lower court, to appellant. It is so ordered, and the trial court is further directed to sustain the demurrer to the complaint, and grant leave to amend the same.