# FOLZ v. EVANSVILLE ELECTRIC RAILWAY.

[No. 5,942. Filed April 2, 1907. Rehearing denied April 26, 1907. Transfer denied June 28, 1907.]

1. TRIAL.—*Instructions.—Peremptory.—Invasion of Province of Jury.—Street Railroads.*—A peremptory instruction for defendant street railroad company invades the province of the jury, where there was evidence from which the jury might have inferred that defendant's motorman saw plaintiff's team rearing and plunging, the complaint alleging that plaintiff's injuries were caused by the motorman's negligence in failing to stop his car upon seeing the actions of such team. p. 308.

2. PLEADING.—*Complaint.—Recitals. — Proximate Cause. — Street Railroads.*—A complaint against a street railroad company for negligence in running a car near plaintiff's team, when the motorman saw plaintiff's danger, is bad, where its allegations are recitals only, and where it fails to show that such motorman's conduct was the proximate cause of plaintiff's injury. p. 309.

3. APPEAL.—*Appellant's Insufficient Complaint.—Error against Appellant in Instructions.—Reversal.—Mandate.*—Where appellant's complaint is bad, but it appears that there may be a cause of action, and the court errs, against appellant, in its instructions, the judgment will be reversed with a direction to permit an amendment to be made to the complaint. p. 310.

From Posey Circuit Court; *O. M. Welborn*, Judge.

Action by Catherine Folz against the Evansville Electric Railway. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Walter S. Jackson* and *Ireland & Reister,* for appellant.

*C. A. DeBruler, J. D. Wellman, G. R. DeBruler* and *G. V. Menzies,* for appellee.

COMSTOCK, J.—Action to recover damages for personal injuries to appellant, occasioned by the alleged negligence of appellee. Appellant was thrown from a wagon in which she was riding behind a pair of mules driven by her son. The mules became frightened and, in making a sudden lunge or turn, threw the appellant from the wagon, and it is alleged that the fright of the mules was occasioned by the approach of a street-car operated by the appellee.

The cause was put at issue by the filing of a general denial to plaintiff's complaint. The court instructed the jury as follows: "The complaint in this case contains the material averment that after the plaintiff's team of mules became frightened and she became imperiled the defendant's servant and employe in operating the car and at a distance of some two hundred feet continued to run said car without decreasing the speed thereof, and, seeing the perilous position of the plaintiff, continued to run said car until the plaintiff was thrown from. her wagon and received the injuries complained of. This charge in the complaint—that the motorman in charge of said car saw the frightened condition of the team and the peril in which the plaintiff was placed and continued to run the car towards the plaintiff—is a vital and material part of the complaint. There is no evidence in this case fairly tending to support the charge that the motorman or any one in charge of the car saw the peril in which the plaintiff was placed on account of the fright of her team, and seeing her peril continued to let the car run forward, thereby causing her injury. This being the condition of the record, the case, as stated in the complaint, is not made out, and it is the duty of the jury to find for the defendant."

The jury returned a verdict in accordance with said instruction, and judgment was rendered thereon in favor of appellee. The appellant questions the action of the court in giving this instruction.

Appellant and her son, Joseph Folz, testified that when the mules first became frightened they were fifty or sixty steps from the car; that when they were twenty-five or thirty steps from the car Joseph· called out three or four times to the motorman to stop the car; that he could see the motorman all the time after calling to him to stop.

H. P. Bleakburn testified that he was on the back platform of appellant's car at the time of the accident and

heard three or four outcries; that the car ran about forty or fifty yards before it stopped after he heard the first outcry; that the motorman was on the front end of the car, which was open.

We cannot say, as a matter of law, that the jury might not have inferred that the motorman heard the outcry of Folz and saw the position in which he and appellant were placed. What evidence proves or tends to prove after it has gone to the jury, is a question solely for the jury, and it is error for the court to interfere with the decision or the weight of evidence by instructions. *Newport* v. *State* (1895), 140 Ind. 299, 303, and cases cited. We think the court erred in giving this instruction.

Appellee has assigned as cross-error that the court erred in overruling appellee's demurrer to the amended complaint. The amended complaint is as follows: "That 2. on said day this plaintiff, in company with her son, a man twenty-four years of age, driving a team of mules, hitched to and drawing an ordinary spring wagon, was traveling upon the Mt. Vernon road, a public highway and thoroughfare going in a northwesterly direction, at and near the point on said road where Law avenue crosses and intersects the same; that, while so driving at said time and place, the defendant was running a street-car, propelled by electricity in charge of the motorman, in a southeasterly direction, approaching said point on said Mt. Vernon road; that while so running said car the plaintiff's mules became frightened at the approach and noise of defendant's car as before alleged; that said mules became more and more frightened and unmanageable as said car approached, and this plaintiff and her son, realizing the danger, signalled and called to the motorman then in charge of said approaching car, calling said motorman's attention to their perilous condition, when said approaching car was still a distance of about two hundred feet from the point on said road where this plaintiff and her team were, as before alleged;

but, said motorman, without decreasing the speed at which said car was then running, or without stopping said car, and seeing the perilous condition of and the circumstances surrounding said plaintiff, when said car was still a distance of two hundred feet from said point as above alleged, disregarded plaintiff's signalling, warning, and calling, and carelessly and negligently approached nearer and nearer with said car, and the mules became more and more frightened and unmanageable as said car approached; that said mules turned and lunged from side to side; that because of the carelessness and negligence of said motorman in charge of said car approaching nearer and nearer to said frightened and unmanageable team, said lunging and turning from side to side threw the plaintiff out and injured her.''

It is pointed out that the complaint does not show, except by way of recital, that the motorman saw or heard the signals intended for him. It does not aver that if the car had been checked the mules would not have become unmanageable, nor that the car was being operated in an unusual manner, or making an unusual or unnecessary noise, nor that the mules showed any disposition to go upon the appellee's track, nor that the failure to stop or check the speed of the car was the proximate cause of appellant's injury, nor does it allege facts from which it can be inferred that the accident would not have occurred if the car had been checked after the signal to stop was given. The complaint wanting these various averments, the demurrer should have been sustained. *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374; Booth, Street Railway Law, §298; *Doster* v. *Charlotte St. R. Co.* (1895), 117 N. C. 651, 23 S. E. 449, 34 L. R. A. 481; *Terre Haute Electric R. Co.* v. *Yant* (1899), 21 Ind. App. 486, 69 Am. St. 376.

Judgment reversed, with instructions to sustain appellee's demurrer to the complaint. As pertinent to

3.  mandate, see, also, *Town of Greendale* v. *Suit* (1904), 163 Ind. 282.