COLE et al., Respondents, v. CITY OF WATERTOWN, Appellant.

(147 N. W. 91.)

1. **Municipal Corporations—Exclusion of Territory—Petition—Exclusion of Part of Territory Described.**

Under Pol. Code, Secs. 1509, 1511, and 1512, providing for exclusion of territory from limits of a city, by city council, upon petition of property owners, and, upon failure of the council to grant the petition, for a petition to the circuit court which, if it finds that the petition should be granted, shall so order, **held,** the court cannot exclude part of the territory described in petition, but must either grant or refuse the petition as to the whole tract described therein.

2. **Same—Exclusion of Territory—Power to Exclude Territory—Political Power—Construction of Statute.**

The power to add to or to take from the territory of municipal corporations is a political power, vested in the Legislature, and in such bodies or tribunals as may have had such power conferred upon them through delegation by the Legislature, and courts exercising such delegated power are limited, in its exercise, to the powers given by express provisions of the statute.

3. **Same—Corporate Limits—Excluding Territory—Non-contiguous Tracts.**

Where the territory of a city consisted of two parts connected by a strip about two miles long, the court could not, under Pol. Code, Secs. 1509, 1511, and 1512, authorizing exclusion of territory upon the boundaries of the city, exclude a tract of land extending entirely across the connecting strip,

thereby separating the territory of the city into two non-continguous parts.

(Opinion filed May 11, 1914.)

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Proceedings under petition by A. H. Cole and others against the City of Watertown, for the exclusion of certain territory from the city limits of that city. From a judgment excluding a portion of the territory described in the petition, and from an order denying a new trial, the city appeals. Reversed, with directions to dismiss the petition.

*J. G. McFarland,* for Appellant.

The Court was without jurisdiction to grant the petition in part and deny the same in part. Sections 1509 to 1513, inclusive, Political Code.

Under Sections 1509, and 1512, the only power that the board of commissioners would have would be to disconnect and exclude all "such territory" from the city.

The statute should be strictly construed in this matter, and these sections are plain and do not permit of setting out a portion of the lands petitioned for.

*Loucks, Mather & Stover,* for Respondents.

The trial court had a right to grant part of the relief asked for, it being an equity action, and to deny such part of the relief as the court did not believe should be granted.

The petition in this case should have been granted as it was, and the court was within its right and authority in granting the petition. Coughren v. City of Huron, 96 N. W. 92; Wickhem et al v. City of Alexandria, 122 N. W. 597; Heinman v. City of Alexandria, 143 N. W. 291; Pelletier et al v. City of Ashton, 12 S. D. 266; Evans et al v. City of Council Bluffs, (Ia.) 21 N. W. 584; March v. Trenton, (Neb.) 137 N. W. 981.

The court had the right to set out part of the property and deny the petition as to the rest. Michaelson v. Tilven, (Neb.) 101 N. W. 1026.

WHITING, J. Sections 1509, 1511 and 1512 of the Pol. Code of South Dakota provide, among other things, as follows:

"§1509. On petition in writing, signed by not less than three-

fourths of the legal voters and by the owners of not less than three-fourths, in value, of the property in any territory within any incorporated city * * *, and being upon the border and within the limits thereof, the city council of the city * * * may disconnect and exclude such territory from such city * * *; *Provided,* that the provisions of this section shall only apply to lands not laid out into city * * * lots or blocks."

"§1511. Upon the failure of the city council * * * to grant the request contained in a petition * * * for thirty days after the last publication of the notice provided for in section 1510, or upon a refusal to grant such request, the petitioners may present their petition to the circuit court of the county in which such city * * * or the greater portion of it is situated, by filing such petition with the clerk of said court. * * * The hearing on the petition may be held at a regular or special term of the circuit court, or by the court in vacation."

§1512. If upon the hearing the court shall find that the request of the petitioners ought to be granted and can be so granted without injustice to the inhabitants or persons interested, the court shall so order. If the court shall find against the petitioners, the petition shall be dismissed at the cost of the petitioners."

Proceeding under said §1509, certain legal voters and property owners of the city of Watertown presented to the commissioners of said city a petition seeking to have certain territory situate in such city, disconnected and excluded from such city. The petition was proper in form and proper notice was given. The commissioners took no action upon the petition, and thereafter the petitioners presented their petition to the circuit court in and for Codington County, it being the county wherein the said City of Watertown is situated. A hearing upon said petition was had in said court, and the court found that a part of the territory described in said petition should be disconnected and excluded from such city and that the remainder of such territory should be retained, and it rendered a judgment in accordance therewith. From such judgment the city appealed and upon such appeal, presents numerous assignments of error.

[1,2] Among other things appellant contends that the circuit court had no jurisdiction to grant the petition in part and reject the

same in part—that, under the provisions of our statute, the tract described in the petition must be treated as indivisible and such petition must either be granted as to the whole tract described or else must be refused as to the whole of such tract. In this contention we think it clear that appellant is correct. The power to create municipal corporations, and to add to or take from their territory is a power purely political in its nature and is vested in the legislature, which must determine the circumstances authorizing the creation of such corporations and the enlarging or diminishing of their territory. But the legislature may delegate, to such body or tribunal as it sees fit, the determination of the existence of such circumstances, and may prescribe the method by which the question of creating a corporation or of enlarging or diminishing its territory shall be brought before such body or tribunal. This power thus delegated is purely statutory and it is to the express provision of the statutes that we must look to find the power given. The power to detach territory is in its nature, analogous to the power to attach territory and statutory provisions in relation to these two powers are subject to the same rules of construction. In the case of City of Peru et al. v. Bearss et al., 55 Ind. 576—being a case wherein the plaintiff city had presented a petition to the board of county commissioners praying for an order attaching certain territory to such city— the court said:

"From a close examination and analysis of the language used in and cited from sections 85 and 86, (1 R. S. 187, p. 311), it seems to us that the action of the board of commissioners, provided for in section 86, is entirely dependent upon the action of the city, as provided for in said section 85, and is limited strictly to the granting or denying of the prayer of the city's petition. The board of commissioners is not authorized by law to grant a part, and deny a part, of the city's petition. If the 'board is of the opinion that the prayer of the petition should be granted', then it shall make the order for the annexation. If the legislature had intended that the board of commissioners should have the power to grant the prayer of the city's petition in part, in such manner as to authorize the board to annex to the city such part only of the territory described in the petition, as to the board might seem right and proper, and to deny the prayer of the petition as to the residue of

such territory, then the language of the statute would have been very different from what it is now. It seems to us that it was intended to provide, by the legislation we have cited, that city boundaries might be extended, in the mode prescribed, to include contiguous territory, when the common council of the city and the board of commissioners of the county, with the proper and necessary formalities required by the law, concurred in the proposed extension, but not otherwise. In the case at bar, the action of the board of commissioners upon the petition of the City of Peru, in the annexation of a part only of the territory described therein, was not in harmony with nor pursuant to, the city's action and petition. It can not be said, with any degree of accuracy, that the board of commissioners granted the prayer of said petition; and it was only upon the granting of the prayer of the petition, that the board was authorized to make any order for the annexation of territory. And the order of the board in this case, for the annexation to The City of Peru of a part only of the territory described in the city's petition, was wholly unauthorized by law, and was therefore inoperative and void."

Section 1512, supra, provides that the Court shall make its order provided it finds, "that the request of the petitioners ought to be granted." When the court determined that a part of the territory described ought not to be disconnected from the city, it was a conclusion that the request of the petitioners ought not to be granted. In the case of Foreman v. Town of Marianna, 43 Ark. 324—a case wherein, as provided by statute, a vote of the electors was first had and then the petition presented to the county court and an appeal taken to the circuit court, and, in the circuit court, an amendment of said petition asked for, by which amendment the amount of territory sought to be attached was diminished—the question presented to the appellate court was as to the authority of the circuit court to allow an amendment of such petition so that a different territorial tract might be annexed, the court granted the amendment but said:

"It is contended that the amendment of the petition, after it had been voted upon, was * * * an error. It certainly would be fatal, *if the Statute, on that point, had been silent;* for non constat that any one voting for a certain proposed annexation, would have been willing to vote for a less one, which might leave out

the very spot the voter hoped to have included. But the legislature may prescribe the whole mode of annexation, and *it has authorized just such an amendment* as this, pending the petition." The italicizing is ours.

The statute of this state is entirely silent upon the right to amend a petition and, neither directly nor indirectly, expressly nor impliedly, confers upon the city board or the court the right to grant any relief other than such as is asked for in the petition filed. Respondents have cited, in support of the proposition that the court might disconnect a part of the territory, a case from Nebraska (Michaelson et al. v. Village of Tilden, 72 Neb., 744 101 N. W. 1026). That the opinion therein has absolutely no bearing upon the question presented to us is evident from the fact, as stated in the opinion, that there is the following provision in the Nebraska statute, (Comp. St. 1903, c. 14, §101) : "If the court find in favor of the petitioners and that justice and equity require that such territory *or any part thereof* be disconnected from such city or village, it shall enter a decree accordingly." It follows that the trial court exceeded its jurisdiction when it entered a judgment disconnecting and excluding from appellate city a part only of the district described in the petition.

[3] The foregoing holding necessarily results in a reversal of the judgment and a remanding of the same for further proceedings in the trial court, wherein it might chance that, upon further evidence received, the court would determine that such petition should be granted. To avoid any such contingency, being satisfied that a judgment for petitioners would be absolutely void, we feel justified in calling attention to another matter, though it seems to have been overlooked by both parties. The platted portion of the City of Watertown with the territory immediately contiguous thereto lies in the form of a rectangle some three and one-half miles north and south by three miles east and west; some two and one-half miles west of this rectangle lies Lake Kampeska; connecting this rectangle with the shore of this lake, and being comprised within the territorial limits of said city, is a tract of land varying in width from 2 miles at the east end to about 80 rods at the extreme west end; the petition herein sought to have disconnected and excluded from the territory of said city, the larger part of this tract of land which connects the main portion

of the city—to-wit., the rectangle hereinbefore mentioned—with the said lake; the tract described in said petition reached entirely across this connecting strip but did not include, as a part of the district sought to be set apart, some 160 acres of land at the extreme west end of this strip. It will thus be seen that the result of granting the petition would be to leave disconnected from the main part of the city a part of its territory lying upon the bank of Lake Kampeska. It is clear that the statutes of this state do not contemplate that any city shall be composed of two distinct tracts of territory, non-contiguous the one to the other, and no commission nor court has any power or jurisdiction given to it whereby it is empowered to enact any resolution or render any judgment which would have the effect of dividing the territorial limits of a city into two tracts, the one non-contiguous to the other. This is clearly apparent from other provisions of our statutes and, regardless of other statutory provisions, is axiomatic. The legislature of the state of Colorado attempted to attach to the city of Denver a tract of land not contiguous thereto. In determining the legality of this action, the court in Denver v. Coulehan, 20 Col. 471, 39 Pac. 425, 27 L. R. A. 751, went very fully into the question of what a city is and, among other things, said:

"The popular use and meaning of the word is a large, closely populated place, whether incorporated or not, as distinguished from the country or from rural communities. These definitions are sustained and amplified by the Century Dictionary. The legal as well as the popular idea of a town or city in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; collective body of inhabitants,—that is a body of people collected or gathered in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places; hence, locality, not localities; vicinity; vicinage; near; adjacent, not remote. So as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation. * * *

"From careful investigation and consideration, it is evident that it was never contemplated by the law that the territorial limits of a town or city might include distinct, disjointed fragments or

parcels of land, situate miles and miles distant from each other and separated from the city proper by intervening territory."

In the case of Chicago and Northwestern Ry. Co. v. Town of Oconto, 50 Wis. 189, 6 N. W. 607, 36 Am. Rep. 840, the court was called upon to consider the question of whether or not a town could be composed of two separate and non-contiguous tracts of territory; it treated the question as one not theretofore determined by the courts and went into a very full discussion thereof, closing with these words:

"Supported by these authorities as well as most obvious and numerous reasons of public policy, practical convenience, and respecting public welfare, we decide that a town must consist of contiguous territory, and that the orders of the board of supervisors * * * are void and of no effect."

Supporting the same principle are the cases of Vestal v. Little Rock, 54 Ark. 321, 329, 15 S. W. 891, 16 S.W. 291, 11 L. R. A. 778, and Powell v. Kinney, 99 Ga. 544, 27 S. E. 204.

It follows that the petition can be granted neither in whole nor in part. Therefore the judgment herein should be and is reversed and the trial court directed to enter a judgment dismissing the petition.