## WARING, et al, Respondents, v.
## TOWN OF SOUTH SIOUX FALLS, Appellant

(31 N. W.2d 766.)

(File No. 8933.   Opinion filed March 29, 1948.)

**J. B. Shultz,** of Sioux Falls, for Appellant.

**T. R. Johnson** and **C. J. Delbridge,** both of Sioux Falls, for Respondents.

SICKEL, J. This is a proceeding brought to exclude three sections of land from the Town of South Sioux Falls. Petitions for such exclusion were presented to and denied by the Town Board of Trustees, after which the petitions were presented to the circuit court. There an order was entered excluding the land described in the petitions from the municipality. Then the town appealed to the circuit court.

In the circuit court the respondents alleged that there was another action pending in the same court for the same cause, and that these proceedings should therefore be abated. A motion for abatement on the grounds stated in the answer was presented to the circuit court at the opening of the

hearing and was denied. The decision has been assigned as error.

It is a well settled principle at common law and in equity that a party is entitled to have an action abated when there is another action pending in a court of competent jurisdiction, between the same parties and for the same cause. 1 C. J. S., Abatement and Revival, § § 17 and 18. This right to an abatement depends primarily upon whether both proceedings are "actions". That term is defined in SDC 33.0102 as follows: "(1) An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement, determination, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding; * * *".

Under this statute actions are ordinary proceedings. They are such proceedings as were formerly known to the common law and to courts of equity, and they are regulated by our modern codes of procedure. Dow v. Lillie, 26 N. D. 512, 144 N. W. 1082, L. R. A. 1915D, 754. They are brought by one party against another "for the enforcement, determination, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense" and are subject to abatement when it appears that there is another action pending between the same parties for the same cause. Queens County Water Co. v. O'Brien, 13 1 App. Div. 91, 115 N. Y. S. 495. Special proceedings are those which do not come within the statutory definition of an action, but have their origin in a statute. The proceedings to exclude territory from a municipality are of statutory origin. SDC 45.2901 to 45.2904, inclusive. They are commenced on petition signed by legal voters and the owners of land and presented to the governing body of a municipal corporation which has the power to decide. Notice of hearing is given by publication only. Upon failure of the governing body to grant the petition, or to act within thirty days, the petitions may be presented to the circuit court and heard after further notice. Such proceedings were unknown to the common law or in equity. They do not originate in any court; they are

not commenced by the service of a summons or other process; there are no parties plaintiff and defendant, and there are no pleadings. The decision of the court is made by order, not by judgment. Such proceedings are not subject to the abatement rule. Dow v. Lillie, 26 N. D. 512; 144 N. W. 1082, L. R. A. 1915D, 754; Queens County Water Co. v. O'Brien, 131 App. Div. 91, 115 N. Y. S. 495.

██ Appellant refers to the fact that telephone lines, light and power lines, and pipe lines are located on the territory described in the petitions and contends that these properties represent an interest in the land in the nature of easements or franchises and that their value must be considered in determining whether the petitions have been signed "by the owners of not less than three-fourths in value of the property" which the petitioners seek to exclude from the municipality, as required by SDC 45.2901, as amended by Ch. 191, S. L. 1939. The above statute refers to the exclusion of "territory". That term as so used "includes all the various pieces or parcels of land sought to be excluded * * *." Oehler v. Big Stone City, 16 S D. 86, 91 N. W. 450, 451. "Land" includes the earth and all things of a permanent nature affixed thereto or erected thereon but it does not comprehend incorporeal hereditaments. Whitlock v. Greacen, 48 N. J. Eq. 359, 21 A. 944; Hegan v. Pendennis Club, 64 S. W. 464, 23 Ky. Law Rep. 861; Stone v. Stone, 1 R. I. 425; Huston v. Cox, 103 Kan. 73, 172 P. 992. There is no evidence in the record in this case showing the nature or extent of the rights of these lines nor how they were acquired. No contracts between these lines and the owners of the land were offered in evidence at the trial. The most that can be said of the rights of these lines is that they constitute ways, licenses or easements, all of which are hereditaments but none of which are corporeal. Hegan v. Pendennis Club, supra; 50 C. J., Property, § 31c. Therefore, none of the rights of these lines are to be considered in determining whether the petitions for exclusion bear the required number of signatures.

██ Appellant also contends that this land may not be excluded from the city because a portion of it has been

platted. SDC 45.2901 states several conditions precedent to exclusion, one of which is that the property has not been "laid out into lots and blocks." This means such lots and blocks "as cities usually have, for convenience in city uses, for arrangement into groups, with streets and alleys between \* \* \*", as distinguished from "rural subdivisions for agricultural purposes, and from divisions for partition." Webster v. City of Little Rock, 44 Ark. 536, 551. "Subdivisions marked on a plat with the evident view of impressing upon them the character of urban as distinguished from rural use," are to be regarded as lots and blocks within the meaning of the statute. Collins v. City of New Albany, 59 Ind. 396. Cf. Ontario Land & Imp. Co v. Bedford, 90 Cal. 181, 27 P. 39; Town of Greendale v. Suit, 163 Ind. 282, 71 N. E. 658. While this does not necessarily require lots within blocks, the plan must bear some reasonable relation to urban use. Here the platted land was purchased by the United States Government and was platted by the Farm Security Administration, Department of Agriculture, as a "Farmstead Project". The plat subdivides Section 25 into various tracts, the largest of which comprises one hundred forty acres. The small tracts consist of three rectangular five-acre tracts not subdivided, and accessible from a highway on one or two sides. The plat also includes four small adjoining tracts ranging in size from .59 acres to 1.16 acres. These four tracts are irregular in shape. They have not been subdivided into lots, and the only approach is from a highway at the south. They are located about two and one-half miles from the business section of the town, and more than half a mile from the nearest platted territory within the town. The evidence shows that none of these tracts are located, designed or adapted to urban uses or benefits. So far as the record shows the only municipal service furnished to the owners of this platted area is the grading of highways. This evidence shows that the area was planned for rural use, and it is therefore of the character which may be excluded from the municipality.

Judgment affirmed.

All of the Judges concur.