BATIE et al., Appellants v. CITY OF WEBSTER, Respondent

(122 N.W.2d 764)

(File No. 10013. Opinion filed July 18, 1963)

**Bicknell, Holland & Delaney,** Webster, for Plaintiffs and Appellants.

**F. W. Noll,** Aberdeen, for Defendant and Respondent.

HANSON, P.J. This is a proceeding to exclude land from the City of Webster. The land is approximately one-half mile long east and west and 660 feet wide north and south located along the northwest boundary of the city. It is bounded on the south by U. S. Highway No. 12, on the east by State Highway No. 23, and on the west by a township road.

The area was originally all agricultural land located in the SW¼ of Section 26, Township 122 North, Range 56, of Day County. In 1945 it was platted into 10 lots by the original plat of Bierschbach's Lots. In 1950 Lot 10 of the original plat was further divided into 27 lots and three streets dedicated to public use forever by Bierschbach's Subdivision of Lot 10. Both plats were filed in the office of the Register of Deeds of Day County, but neither was approved by the governing body of the City of Webster before filing. Lot 1 of the original plat is agricultural land in soil bank. Lot 2 is .occupied by the Isaak Walton League clubhouse. Lot 3 is owned by the city upon which a state radio tower is located. Lots 4, 5, 6, 7, 8 and 9 are owned by a corporation which is constructing a modern motel thereon. There are five residences, an implement business, motel, tavern, and tire repair shop located on the subdivision of Lot 10. The business district of Webster, the county courthouse, the city library, and the school are all accessible to the area and approximately one-half mile therefrom. The city now furnishes police and fire protection. It is equipped to furnish snow removal and street maintenance services. Municipal water and sewer lines are being extended into the same. The city also provides a recreational program which is available to and has been used by its residents.

On July 31, 1961 this territory was annexed to the City of Webster. Shortly thereafter a petition to exclude it from the city was filed with the governing body pursuant to SDC 45.29. The city council failed to act within 30 days and a petition was then filed in circuit court. After a hearing thereon the circuit court concluded that: (1) as the area was laid out into lots and blocks within the meaning of SDC 45.2901, it had no jurisdiction to grant exclusion and (2) petitioners failed to sustain the burden of showing sound reasons why the territory should be excluded. Accord-

ingly, an order was entered dismissing the petition from which the petitioning landowners appeal.

The governing body of a municipality may exclude territory therefrom "being upon the border thereof and not being laid out into lots and blocks." SDC 45.2901. Petitioners contend their property does not come within the meaning of this statute for the following reasons: (1) the area was not platted as an urban subdivision with designated blocks and alleys, but was platted for the purpose of sale in conformity to SDC 51.1405 which prohibits the use of metes and bounds description, (2) when the area was annexed it apparently was treated as unplatted property as the resolution of annexation was submitted to the Board of County Commissioners of Day County for approval pursuant to SDC 1960 Supp. 45.2906, and (3) the plats of the area were not approved by the governing body of the City of Webster prior to filing as required by SDC 45.2806.

Petitioners cite and largely rely on the case of Rhodes v. City of Aberdeen, 74 S.D. 179, 50 N.W.2d 215, as authority for their contentions. The Rhodes case involved the construction of statutes relating to the annexation rather than to the exclusion of property by a municipality. The question presented was whether or not the property annexed by the City of Aberdeen contained "lots laid off and platted" within the meaning of SDC 45.2906. It was held such term meant lots platted in accordance with SDC 45.2806 and only "when the plat of lots adjoining a municipality has been submitted by the owner to the governing body of the municipality, has been approved by its resolution endorsed thereon, and the plat recorded, as provided by SDC 45.2806, may the governing body include such platted lots within the territorial limits of the municipality by resolution without notice and hearing under the provisions of SDC 45.2906." Following this decision the statute was amended to allow the annexation of unplatted property adjoining a municipality with the approval of the Board of County Commissioners. See SDC 1960 Supp. 45.2906.

According to the decision in Rhodes v. City of Aberdeen the area in question did not contain "lots laid off and platted"

within the meaning of SDC 45.2906 and the approval of the Board of County Commissioners of Day County was a necessary prerequisite to annexation. However, it does not follow that the term "laid out into lots and blocks" in SDC 45.2901 relating to the exclusion of territory has the same narrow meaning as the term "lots laid off and platted" in the annexation statute. It was so indicated in the case of Waring v. Town of South Sioux Falls, 72 S.D. 215, 31 N.W.2d 766, wherein this court said the term "laid out into lots and blocks" means such lots and blocks " 'as cities usually have, for convenience in city uses, for arrangement into groups, with streets and alleys between   *   *   *', as distinguished from 'rural subdivisions for agricultural purposes, and from divisions for partition.'   *   *   *   'Subdivisions marked on a plat with the evident view of impressing upon them the character of urban as distinguished from rural use,' are to be regarded as lots and blocks within the meaning of the statute.   *   *   *   While this does not necessarily require lots within blocks, the plan must bear some reasonable relation to urban use."

■■ The original purpose of platting the Bierschbach property is immaterial. As the trial court concluded the entire area, with exception of Lot 1 of the original plat, is now in fact essentially urban in character and is therefore "laid out into lots and blocks" within the meaning of SDC 45.2901 as defined by this court in Waring v. Town of South Sioux Falls, 72 S.D. 215, 31 N.W.2d 766. As such, neither the governing body of the City of Webster nor the circuit court had authority to grant exclusion of any part of the area. If a petition to exclude land from a city embraces territory which a court has no authority to exclude, the petition as a whole must be denied as the court is without power to grant the request in part. City of Colton v. Parks, 71 S.D. 401, 24 N.W.2d 919; Betts v. City of Alexandria, 53 S.D. 240, 220 N.W. 494; and Cole v. City of Watertown, 34 S.D. 69, 147 N.W. 91.

In view of our conclusion it is unnecessary to consider other assigned error as the order appealed from must be and is affirmed.

All the Judges concur.