QUALEY *et al.* v. CITY OF BROOKINGS *et al.*

1. On a petition by inhabitants of a portion of the territory of a city, seeking to have such territory excluded, it appeared that the city was incorporated in 1883, and embraced a territory of nine square miles; that it had been steadily increasing in the size of its populated area and improvements; that in 1897 permanent improvements were made to the extent of $50,000, in 1899 there were about $11,000, and in 1900 there were about $152,000, such improvements extending in all directions from the centre of the city; that the petitioners had acquiesced in the boundaries and participated in municipal affairs for nearly 20 years; that the value of their property had been enhanced by being in the city; that the exclusion would place the city limits in close proximity to some portions of platted and residence parts of the city; that it would exclude the source of the water supply; that it would exclude cemeteries used by the city; that in 1890 the city had a population of 1,465; that in 1900 it had 2,346, and at the time of trial about 3,000 inhabitants; that the corporate limits of the board of education of the city were the same as the original limits of the city. Held, that it was error for the circuit court to overrule the decision of the common council refusing the petition.

2. The decision of a common council refusing a petition for the exclusion of certain territory then included within its corporate limits was presumptively correct, and should not be overruled by the circuit court unless clearly shown that no injustice would be done to the remaining portion of the city.

HANEY, J., dissenting.

(Opinion filed December 7, 1904.)

Appeal from circuit court, Brookings county; Hon. JULIAN BENNETT, Judge.

Petition by T. R. Qualey and others against the city of Brookings and Frederick E. Bates, praying that a portion of the territory of said city be excluded from its corporate limits. From a judgment for petitioners, defendants appeal. Reversed.

*J. P. Cheever,* City Atty., *Philo Hall, George A. Mathews,* and
*Walter M. Cheever,* for appellants.

*John C. Jenkins,* for respondent.

CORSON, P. J. "This is an appeal by the defendants from
a judgment of the circuit court of Brookings county excluding
a portion of the territory of the present city of Brookings from
the said city. The city of Brookings was incorporated under a
special act of the territorial legislature of Dakota approved
March 9, 1883, embracing a territory of nine square miles. In
March, 1901, a petition was filed with the city council by par-
ties representing more than three-fourths of the legal voters
residing in the territory sought to be excluded, and by the
owners of more than three-fourths in value of the property
within such territory, praying that the same be excluded from
said city. The city council denied the application of the peti-
tioners, and thereupon the same was presented to the circuit
court, with a statement of the necessary facts to give the court
jurisdiction of the same. A trial was had by the court without
a jury, and findings of fact were made and judgment rendered
in favor of the plaintiffs. The territory sought to be excluded
embraces nearly two-thirds of the town site of Brookings as it
existed at the time of the application.

At the conclusion of the evidence the defendants presented
findings of fact, of which, among others, the following were
rejected by the court: The court finds: "That said city has
been steadily increasing in [the] size of the populated area and
improvements. That in the year 1897 the permanent improve-
ments were over $50,000; in the year 1899 they were about
$10,800; in 1900 they were about $152,000, consisting princi-

pally of store buildings and dwellings. That such buildings and improvements extend in all directions from the center of the city. That the petitioners and their grantors have acquiesced in the boundaries and participated in the municipal affairs of the said city for nearly twenty years, voting at bond elections whereat bonds have been issued by the said city for various purposes, * * * and that the value of their property has been greatly enhanced by reason of being in said city. That to grant said petition would in many places bring the city limits in very close proximity to the platted and residence portions of said city, and allow no room for extension. That said city is closely and compactly built. That to grant said petition would exclude from the city limits the source of the water supply situated in the present extreme western part of the said city, consisting of a well and pumping station; said waterworks being owned and eperated by the city. * * * That such segregation would reduce the area of said city to such an extent as to nullify and greatly impair its powers for the protection of its inhabitants from the establishment of slaughterhouses, saloons, * * * and other nuisances in close proximity to the dwelling houses of its inhabitants, and prevent the city from establishing pesthouses and taking other precautions necessary for the protection of the health and comfort of its citizens. That such segregation would prevent the extension of sewers to properly drain said city. * * *. That all of said territory sought to be segregated is now necessary, for proper police regulations and for various sanitary reasons, to be retained in said city, under the control of its ordinances and police and health officers, and that the prospects are that the whole or large parts thereof will soon be required for residence and bus-

iness purposes.'' It is contended by the defendants that the evidence offered fully sustained these proposed findings, and that the same should have been made by the court. While much of the evidence offered on the part of the defendants was excluded, we are of the opinion that the evidence admitted warranted the court in making the proposed findings, and that its refusal to find as requested was clearly error. It appears from the evidence that the city of Brookings contained at the time of the filing of the petition a population of over 2,500, and was a growing and thriving city, and that within its limits is situated the South Dakota Agricultural College. It further appears that the city has a system of waterworks, and that the supply for the same is embraced within the territory sought to be excluded; and a sewerage system, the outlet of which is also within that territory. It also appears that the boundaries of the independent school district of Brookings are co-extensive with the boundaries of the city. It also appears from the evidence that two cemeteries are within the territory sought to be excluded. It is also shown by the evidence that many of the petitioners and owners of the property sought to be excluded had been residents of the city for 20 years or more, had participated in the elections, and had been greatly benefitted by the enhanced value of their property by reason of the municipal improvements, and, so far as the record disclosed, had heretofore made no complaint. The testimony of the citizens and the plat of the city showing the territory remaining within the city and the territory excluded by the judgment of the court show quite clearly that the city will in all probability require the excluded portion for municipal purpose in the near future, taking into consideration the city's present and pros-

pective rapid growth. In connection with the proposed findings rejected, the court allowed the following findings: "That in the year 1890 the census of the city of Brookings aforesaid showed that it then had a population of 1,465; in 1900 the census showed that it had a population of 2,346. That the population of the said city has been constantly and rapidly increasing, and in 1900 the registration of voters was 682, and the vote cast in said city was 599. That the population of said city at the time of the trial herein was about 3,000. That the corporate limits of the board of education of the city of Brookings are the same as the original limits of the city of Brookings.  * * * That to grant such petition would exclude from the limits of said city two cemeteries used by said city—being the only ones used by said city for the burial of their dead—and exclude the power of said city to control and protect the same by ordinance or police protection." The findings rejected, taken in connection with those allowed, would, in our opinion, have required the court to have stated conclusions of law and rendered judgment in favor of the defendant city. It is certainly very important that the city should have control of sufficient territory to protect its water supply, its sewerage system, and its cemeteries, and to protect its inhabitants from the establishment of saloons and other objectionable classes of business so near to the residences of its citizens as to be detrimental to their interest; and it is equally important that it possess sufficient territory to encourage the establishment, of manufacturing and mechanical enterprises, and provide territory for its anticipated growth.

It is further contended by the defendants that the court erred in excluding much of the evidence offered on the part of

the defendants. In the view we take of the case, we do not deem it necessary to discuss these various objections. It must suffice to say that the learned circuit court seems to have proceeded upon the theory that the interest of the inhabitants residing upon the territory sought to be excluded was mainly to be considered, and seems to have overlooked the fact that presumptively the decision of the common council was right, and that that decision should not be overruled unless it was clearly shown that no injustice would be done to the remaining portion of the city.

Our attention has been called to the case of Pelletier v. Ashton, 12 S. D. 366, 81 N. W. 735, in which this court sustained the judgment of the court below permitting the segregation of a portion of that incorporated town, but the facts in that case were entirely dissimilar to the facts in the case at bar. In that case a small town of about 200 inhabitants, which seemed to be diminishing rather than increasing in size, and which had only about 72 acres platted, had within its incorporated limits, miles away from the settled portion of the town, a farming section, which the petitioners sought to have excluded from the city limits. No special reasons were shown why injustice would be done to the citizens within the limits of the town by the exclusion of the territory, except, perhaps, the fact that a limited number of bonds had been issued by the town while it embraced the portion of territory sought to be excluded. The case, therefore, is not parallel with the case at bar, in which a growing, prosperous city has an important public institution within its limits, and all the various accessories necessary to such a city, and which seems to require the entire territory embraced within its boundaries for municipal purposes.

After a full consideration of the evidence, we are of the opinion that the territorial area of the city of Brookings, as originally incorporated, is not too great for the present and prospective need of the city, and that the curtailment of its boundaries by excluding the portion described in the petition would greatly injure the interests of the citizens of the said city, and be detrimental to the city itself. The only apparent benefit that the petitioners would derive from having the territory excluded would be a lessening of the burden of taxation. But such a benefit to them would not be a sufficient compensation for depriving the city of its territory, and subjecting it to the inconveniences that it must sustain by reason of such loss, and the restriction of the city in the exercise of its corporate and police powers in the protection of the health and comfort of its citizens.

A number of other questions have been discussed by counsel, but, in the view we take of the case, a discussion of them does not seem necessary, as many of them may not arise upon a new trial.

The judgment of the court below is reversed, and a new trial is ordered.

HANEY, J., dissenting.