THIEL    (Appellant)    et   al,   v.   CITY   OF   ALEXANDRIA,. Respondent.

(171 N. W. 209).

(File No. 4443.   Opinion filed March 12, 1919.   Rehearing denied June 3, 1919.)

**Municipal    Corporations—Taxation—Excluding    Agricultural    Land From  Corporate  Limits—Non-beneficial  Public  Utility—Relative Excessive Taxation, Unneeded for Revenue, for Municipal Expansion, Effect.**

Where, under a petition to exclude petitioner's land from corporate limits of a city, the agreed facts showed that no part of the land was used for city purposes but was used exclusively for agricultural purposes; that none of the city water mains, lights, street improvements, etc., are adjacent to or in immediate vicinity of any part of the tract, and such utilities are not claimed to be beneficial thereto or to its owners, while another quarter section a half mile farther from the city is assessed for taxes much higher than the tract in question, yet that the taxes on the latter are nearly four. times that of the outer tract; no reason appearing why granting the petition should be objected to except that said premises made a source of town revenue, such revenue however not being needed; and that said land is necessary to furnish room for municipal ex-

pansion; **held,** following Johnson v. Castlewood, 40 S. D. 493, 168 N. W. 124, that the petition should be granted.

Whiting, J., taking no part in the decision.

Appeal from Circuit Court, Hanson County. Hon. Frank B. Smith, Judge.

Petition by George Thiel and Ed Montgomery, against the City of Alexandria in Hanson County, State of South Dakota, for exclusion of plaintiff's land from the corporate limits of said city. From a judgment for defendant, plaintiff Thiel appeals. Reversed, and remanded with directions.

H. J. Mohr, and T. J. Spangler, for Appellant.

W. H. Seacat, for Respondent.

Appellant cited:

Johnson v. Incorporated Town of Castlewood, 168 N. W. 124.

POLLEY, J. This is an appeal from a judgment dismissing a petition filed by appellant requesting that a certain quarter section of land, within the corporate limits of the city of Alexandria and owned by the petitioners, be excluded from the corporate limits of that city. The facts in the case are similar in all material respects to Johnson et al. v. Castlewood, 168 N. W. 124.

The case was tried upon an agreed statement of facts. From this statement and certain diagrams attached to appellant's brief it appears that no part of said land, to-wit, the S. E. ¼ of section 9, is used for city purposes, but that the entire tract is used for agricultural purposes only. It also appears that the said city maintains a system of water mains, electric lights, sewers, gas mains, sidewalks, and street improvements, but that none of such utilities are upon, adjacent to, or in the immediate vicinity of any part of the said tract of land, and it is not claimed that any of such public utilities are of any benefit whatever to said land or the owners thereof. It appears that the S. W. ¼ of said section 9, and which is a half mile farther from the said city than petitioners' land, is valued for assessment purposes more than $1,700 higher than the S. E. ¼ of that section, yet the taxes on the S. E. ¼ are almost four times as much as the taxes on the S. W. ¼.

"No reason of any kind appears why the granting of the petition should be objected to by the defendant, except that, so long as the premises involved remain within the corporate limits

of the town, said premises may be made a source of revenue to the town."

But it is not claimed by defendant that it wishes to retain said premises within the corporate limits of the town for the purpose of collecting revenue, or that it is in need of such revenue. The only reason suggested by defendant for objecting to the petitioners' request, to-wit, that it is necessary to furnish room for the expansion of said city, is probably not intended to be taken seriously by the court, and is entitled to no consideration whatever.

The judgment appealed from is reversed, and remanded to the trial court, with directions to grant the relief prayed for in the petition.

WHITING, J., taking no part herein.

GATES, J. (dissenting). The rule announced in the foregoing opinion and in the Castlewood case takes the burden of proof from the petitioner, where it should belong, and places it upon the city, where it should not belong.

I think the facts in this case bring it within the reasons for not granting the petition in Qualey v. City of Brookings, 18 S. D. 581, 101 N. W. 713:

"The only apparent benefit that the petitioners would derive from having 'the territory excluded would be a lessening of the burden of taxation. But such a benefit to them would not be a sufficient compensation for depriving the city of its territory, and subjecting it to the inconveniences that it must sustain by reason of such loss, and the restriction of the city in the exercise of its corporate and police powers in the protection of the health and comfort of its citizens."

At any rate the segregation should not be made without providing that the land segregated should be chargeable with the payment of its fair share of the bonded debt of the city of Alexandria.

I think the judgment appealed from should be affirmed.