### LaCOME et al, Respondents, v. TOWN OF DOLTON, Appellant.

#### (202 N. W. 389.)

(File No. 5220.  Opinion filed February 24, 1925.)

1. **Municipal Corporations—Towns—Evidence—Real Property—Exclusion of Land fror Town Limits Held Not Warranted.**

    Evidence held to show landowner received benefits because land was in town limits, and its exclusion therefrom was not warranted.

2. **Municipal Corporations—Evidence—Burden of Proof—Burden on Landowner to Show Reason for Excluding Land from Town Limits.**

    Burden is on landowner to show good reason for excluding his land from corporate limits of towns; presumption being with existing conditions.

    Dillon, J., dissenting.

Appeal from Circuit Court, Turner County; Hon. John T. Medin, Judge.

Action by Andrew La Come and others against the Town of Dolton. Judgment for plaintiffs, and defendant appeals. Reversed.

*C. L. Jones,* of Parker, and *Frank Vincent,* of Alexandria, for Appellant.

*Dan E. Hanson,* of Parker, for Respondents.

Appellant cited: Klosterman v. City of Elkton, 191 N. W. 341; Johnson v. Castlewood, 40 S. D. 493; Quagley v. Brookings, 18 S. D. 581; Weiland v. Ashton, 17 S. D. 621; Pelletier v. Ashton, 12 S. D. 366.

Respondents cited: Sec. 6558, Rev. Code 1919; 28 Cyc. 194, 200; 19 R. C. L. 736; 28 Cyc. 209, 197.

PER CURIAM.  Plaintiffs petitioned the town board of defendant town to exclude lots 1, 2, and 3 of section 7 from the

town limits, except strip of land 600 feet in width running north and south across the west portion of lot 2. From the refusal of the board to grant the petition plaintiffs appealed to the circuit court, where findings of fact, conclusions of law, and judgment were entered for plaintiffs excluding such land from the town limits. From the judgment and order denying a new trial the defendant appeals.

[1, 2] We are of the opinion that the evidence was insufficient to sustain the judgment of exclusion. The town was incorporated in 1909. It has 50 grown people; not, as found by the trial court, less than 50 population. The corporation covers about 400 acres, and consists of the southeast quarter of section 7, upon which is the platted portion; the east half of the southwest quarter of section 7, and lots 1, 2, and 3 of section 7. Lots 1 and 2 would be the northeast fractional quarter of section 7, and lot 3 would be the fractional east half of the northwest quarter of section 7. Through the center of said 600-foot strip, which was excepted from the petition, runs a highway 66 feet wide, bought, paid for, and maintained by appellant, which road clearly benefits respondents' land. The eighth finding of the court was contrary to the evidence, wherein it was found that no new buildings had been erected in 10 years. There is no evidence to sustain the thirteenth finding, wherein the court found that respondents received no benefit by reason of being within the town limits, except the bare conclusions of the witnesses, and the trial court should have sustained the objections to such testimony because they called for the conclusions of the witnesses. The proposed limits would be extremely irregular in outline. If the present petition should be granted, then all of the land south of the railroad should also be excluded. The burden is on the petitioners to show good reasons for the exclusion. The presumption is with existing conditions. From the evidence we are of the opinion that respondents' lands are benefited because of being within the town limits, and that their exclusion would be detrimental to appellant town. Johnson v. Town of Castlewood, 40 S. D. 493, 168 N. W. 124; Thiel v. City of Alexandria, 41 S. D. 427, 171 N. W. 209; Weiland v. City of Ashton, 17 S. D. 621, 98 N. W. 87; Qualey v. City of Brookings, 18 S. D. 581, 101 N. W. 713; Pelletier v. City of Ashton, 12 S. D. 366, 81 N. W. 735; Klosterman v. City of Elkton, 46 S. D.

136, 191 N. W. 341; Kreger v. City of Clear Lake, 46 S. D. 614, 195 N. W. 498; Lockhart v. City of Clear Lake, 46 S. D. 618, 195 N. W. 500.

For these reasons the judgment and order appealed from are reversed. .

BURCH, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

DILLON, J. I think the judgment of the trial court is correct, and see no good reason for a reversal; therefore I dissent.