BETTS, et al, Appellants, v. CITY OF ALEXANDRIA, Defendants. MONTGOMERY, et al, Interveners.

(220 N. W. 494.)

(File No. 5228. Opinion filed July 14, 1928.)

*H. J. Mohr,* of Alexandria, and *T. J. Spangler,* of Mitchell, for Appellants.

*Wm. R. Danforth,* of Alexandria, and *Miller & Mitchell,* of Mitchell, for Respondents.

MISER, C. Appellants petitioned respondent city of Alexandria to exclude from the incorporated limits thereof the N. E. ¼ of section 9. Their petition being rejected, appellants petitioned the circuit court, which also denied the petition; said judgment being based upon an agreed statement of facts. This appeal is from that judgment.

The land sought to be excluded lies immediately north of the quarter section which was the subject of the opinion of this court in Thiel v. City of Alexandria, 41 S. D. 427, 171 N. W. 209. Many of the reasons therein stated as justifying the exclusion of the Thiel land would apply with equal force to at least part of the land herein sought to be excluded, assuming conditions as to sanitary and police control, direction of growth, prospective need or demand for municipal purposes to be the same. However, neither this court nor the trial court could exclude part of the territory sought to be excluded. Cole v. City of Watertown, 34 S. D. 69, 147 N. W. 91. Moreover, as to part of this land, particularly appellant railway company's right of way, which extends diagonally in a northwesterly direction across the quarter sought to be excluded, as well as the land lying north and east of such right of way, the physical facts differ materially from those of the Thiel Case. The agreed facts herein show that this part of the land

adjoins the platted, residential, and business section of the city; that Spruce street is on the boundary between appellant's lands and the northwest quarter of section 10, where most of the city residences and business houses, as well as the county courthouse are located; that Spruce street is part of United States highway No. 16; that a city street light was maintained on Spruce street at the point where said United States highway turns to the east, and that another city electric light was maintained in said street at the northeast corner of appellant's land; that the residence formerly on appellants' land was within 200 feet of the first above mentioned electric light, and that the residence itself was lighted with electricity from the city's electric light plant, for the installation of which light plant there was then a city bonded indebtedness of over $25,000; that there was a fire plug within 1,000 feet of said residence, and, at the time of trial, there were sidewalks within half a block of appellants' land; that a $9,000 sewer system had been installed within a few years prior to the trial, and that plans for its extension called for catch-basins on Spruce street opposite appellants' lands; that, within the city, there had been recent improvements paid for by special assessments, in water mains and sewer extensions. On the other hand, the agreed statement of facts did not show that the residents upon the land prior to the destruction or removal of the buildings thereon had been engaged in farming said lands; nor that the value of the land is diminished by being within the city; nor that the reasonable growth of the city will not call for the use of a part of appellants' lands for urban purposes; nor that the lands are purely agricultural in character; nor, if so, that the burden of city taxes thereon is confiscatory; nor that residents upon a portion of appellants' land would be deprived of any of the conveniences commonly enjoyed by other residents within said city.

Inasmuch as the burden is on the petitioners to show good reasons for the exclusion, the presumption being with existing conditions, as held by this court in La Come v. Dolton, 48 S. D. 122, 202 N. W. 389, we are of the opinion that the trial court did not err in denying appellants' petition. The judgment and order appealed from are therefore affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.