NEEMAN, Appellant, v. TOWN OF CHANCELLOR, Respondent.

(223 N. W. 938.)

(File No. 6743. Opinion filed March 2, 1929.)

*Ray E. Dougherty,* of Sioux Falls, for Appellant.
*Bogue & Bogue,* of Parker, for Respondent.

POLLEY, J. ██ This is an appeal from a judgment denying plaintiff's application to have 80 acres of land excluded from the incorporated limits of the town of Chancellor in Turner county. The town site as incorporated is one mile square. Plaintiff's land is the north half of the northeast quarter of the square. The platted portion of the town covers about 50 acres in the northeast corner of the southwest corner of the square. This brings the southwest corner of plaintiff's land just a quarter of a mile from the platted portion of the town site. There are no buildings on plaintiff's land, but his land is connected with the built-up portion of the town by a graveled road that was built and is maintained by the town, and is kept open for travel by the town summer and winter. There is a high school, a graded school, two churches, and a town hall in the town; also three elevators and a stock yard. The town maintains an electric light and power system and a fire department.

Plaintiff's taxes are some higher than they would be if his land were excluded from the corporation, but the evidence, undisputed, shows that the value of plaintiff's land is increased to the extent of $15 to $20 per acre by reason of the said graveled road and the other advantages above enumerated.

Upon the foregoing facts, the trial court found that plaintiff's property receives benefits from the town of Chancellor, and that to exclude said land from the corporate limits would be an injustice to the town. We believe the evidence supports this conclusion.

This question has been considered by this court in the four cases recently handed down: Zajicek v. Wessington (S. D.) 220 N. W. 913; Klosterman v. City of Elkton (S. D.) 220 N. W. 910; DeNeui v. City of Avon (S. D.) 220 N. W. 917; Betts v. City of Alexandria (S. D.) 220 N. W. 494.

██ In these cases this court recognized certain principles that we thought should govern in this class of cases. As said in the Zajicek Case: "The statute itself [Rev. Code 1919, §§ 6555-6558] contains no rule to guide the governing body of a municipality in acting upon the petition for exclusion." Neither does it con-

tain any rule to guide the court in determining whether it "ought" to grant the petition for exclusion. This vests the matter in the sound judicial discretion of the trial court, and, as said in Klosterman v. Elkton, supra: "On appeal, the judgment of the trial court should not be disturbed unless it clearly appears that the trial court has abused its discretion or disregarded those principles which should govern." No such abuse has been shown in this case.

The judgment appealed from is affirmed.

SHERWOOD, P. J., and CAMPBELL, BURCH, and MISER, JJ., concur.

MISER, C., sitting in lieu of BROWN, J., absent.