KNUTSON, et ux, Respondents, v. CITY OF CENTERVILLE, Appellant.

(242 N. W. 637.)

(File No. 7321. Opinion filed May 21, 1932.)

*Alan Bogue,* of Parker, for Appellant.

*A. B. Gunderson,* of Vermillion, for Respondents.

POLLEY, J. This is an appeal from a judgment granting the petition of the petitioners to exclude a small tract of agricultural land from the corporate limits of the city of Centerville. That the petition is regular and sufficient in all respects is not questioned. The petition was first presented to the city council as required by statute ( sections 6555-6558), and rejected by that tribunal. It was then presented to the circuit court as provided ·by the above statutes. The circuit court took evidence and entered judgment of exclusion. From this judgment and an order denying a new trial, the city appeals.

The appellant has assigned and argued something more than forty alleged assignments of error. For the most part these assignments are predicated upon the rulings of the trial court in the reception and rejection of testimony.

The findings of fact, conclusions of law, and judgment are so abundantly supported by competent evidence that nothing would be gained by an examination of the various assignments.

■ ■ The land involved comprises only 29 acres. It is within the corporate limits, but entirely without the built-up portion of the town. At one time it was used for a fair ground and race track, but for the past ten years or more it has been used exclusively for agricultural purposes, and under existing conditions is fit for no other purpose. The evidence shows conclusively that petitioners derive no benefit whatever from having said land within the corporate limits of the town, and the evidence shows just as conclusively that appellant has no interest in said land nor reason for wishing to retain the same within the city limits other than the right to tax it to help to maintain the city government. The evidence shows that during nine years petitioners have paid more than $1,000 in city taxes. For this they have received no benefit whatever. Appellant stresses the fact that petitioners have children of school age who attend school in the city school. This is true, but it is wholly immaterial to any issue in the case, because petitioners are not seeking exclusion from the school district. The school district may continue to levy and collect school taxes, regardless of the judgment of exclusion.

In Zajicek v. Wessington, 53 S. D. 315, 220 N. W. 913, 916, we said: " * * * If the character of the land and the only prospective use therefor is purely agricultural, and it is used for that purpose only, and the only reason that the municipality can assign for desiring to retain the same is to derive an income therefrom by way of taxation, the land should be relieved of that burden, and the petition ought to be granted."

The land involved was never platted, nor is there any prospect that it will ever be needed for city purposes, and, in case it ever should be needed for that purpose, it will still be in the same place where it is now, and be just as available as it is now.

■ ■ We have pointed out in several cases recently before

the court that the statute (sections 6555-6558) contains no rule to guide the governing body of a municipality in acting upon the petition for exclusion; neither does it contain any rule to guide the court in determining whether it "ought" to grant the petition for exclusion. This vests the matter in the sound judicial discretion of the trial court, and, as said in Klosterman v. Elkton, 53 S. D. 324, 220 N. W. 910, 913, "On appeal, the judgment of the trial court should not be disturbed unless it clearly appears that the trial court has abused its discretion or disregarded those principles which should govern."

No abuse of discretion is claimed or shown in this case. Other cases involving exclusion recently decided by this court are: De Neui v. City of Avon, 53 S. D. 312, 220 N. W. 917; Betts v. City of Alexandria, 53 S. D. 240, 229 N. W. 494; Neenan v. Chancelor, 54 S. D. 573, 223 N. W. 938.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.