MOSCHELL, et al, Respondents, v. TOWN OF ROSWELL, Appellant.

(243 N. W. 100.)

(File No. 7266. Opinion filed May 21, 1932.)

J. E. *Whiting,* of Woonsocket, for Appellant.
*Churchill & Benson,* of Huron, for Respondents.

36

POLLEY, J. This is an appeal from a judgment granting the petitioners' petition to exclude two certain sections of land from the corporate limits of the town of Roswell in Miner county.

The petition was first regularly filed with the town trustees and by them denied. Petitioners then filed their petition in the circuit court of Miner county. The matter was heard by the judge of the circuit court without a jury. At the close of the testimony the court made the following finding of fact: "That the said premises sought to be excluded from the corporate limits of the Town of Roswell do not receive any benefits or advantage by reason of being included within the corporate limits of said Town or Roswell. That the said premises are not used or needed for any public purpose, neither are all nor any part thereof needed for private residences or business purposes, and that the only benefit the said Town of Roswell receives by reason of said premises being within the corporate limits of said Town is the levy and collection of additional taxes thereon and therefrom. That the tax levy for town purposes in the alleged incorporated Town of Roswell, was for the year 1929, and for some years past, ten mills; and that the township levy at the same time, for Roswell Township, in which assessment district said premises would be located is excluded from the corporate limits of the Town of Roswell, was one and one-fourth mills."

And upon such facts the court made the following conclusion of law: "That the request of the petitioners should be granted, and that the same can be granted without injustice to the inhabitants of the alleged incorporated Town of Roswell; and that the petitioners, the plaintiffs herein, are entitled to a judgment and decree of this Court, excluding said premises in the Findings herein described, from the alleged incorporated limits of the Town of Roswell."

Judgment was entered accordingly and the Town of Roswell appeals. The land sought to be excluded constitutes two separate farms. On each farm is a dwelling house and ordinary farm buildings. No part of said land is now or ever has been platted or subdivided into lots or blocks and has never been used for any other purpose than purely agricultural purposes. Appellant does not contend that the said land or the owners thereof ever

have or ever will derive any benefit whatever because of being within the corporate limits of the town, nor does the appellant assign any other reason for desiring to retain said land within the corporate limits other than to levy and collect taxes thereon to be used for town purposes. The court denied defendant's demand for a jury trial, and such denial is assigned as error. The court was right in denying this demand. This is not an action at law in which either party has a right to a trial by jury. This is a special proceeding created by statute, and is equitable in its nature. The disposition of the case is vested in the sound discretion of the trial court and there is nothing upon which a jury could act. It is only in cases provided for by section 2492, Rev. Code 1919, that a trial jury may be had as a matter of right. This case does not fall within the provisions of that section. This case is governed by what is said by this court in State ex rel Kronschnabel v. Taylor, Circuit Judge, 30 S. D. 304, 138 N. W. 372. In speaking of the proceeding involved that case we said: "It was purely a special proceeding finding its authority solely in the statute, and, like all other special proceedings, its conduct is governed by the express provisions of the statutes. There being no provision authorizing the calling of a jury, the defendant was wholly without authority to call one." The statute (§§ 6555-6558) contains no provisions authorizing the calling of a jury, and the court was without authority to call one.

The statute prescribes no rule of quantum of evidence upon which the circuit judge is to base his decision in these cases, one way or another. The statute merely provides that if the court is of the opinion that the petition "ought" to be granted he shall grant it, otherwise the petition is to be dismissed. In Klosterman v. City of Elkton, 53 S. D. 324, 220 N. W. 910, we said that: "On appeal, the judgment of the trial court should not be disturbed unless it clearly appears that the trial court has abused its discretion or disregarded those principles which should govern." And in Neeman v. Town of Chancellor, 54 S. D. 573, 223 N. W. 938, we said, quoting from Zajicek v. Wessington, 53 S. D. 315, 220 N. W. 913:

" 'The statute itself [Rev. Code 1919, §§ 6555-6558] contains no rule to guide the governing body of a municipality in acting upon the petition for exclusion.'

"Neither does it contain any rule to guide the court in determining whether it 'ought' to grant the petition for exclusion. This vests the matter in the sound judicial discretion of the trial court, and, as said in Klosterman v. Elkton, supra: 'On appeal, the judgment of the trial court should not be disturbed unless it clearly appears that the trial court has abused its discretion or disregarded those principles which should govern.'"

See, also, Kuntson v. City of Centerville, 60 S. D. 20, 242 N. W. 637.

■ We find no abuse of discretion on the part of the trial judge in this case and the judgment appealed from is affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.