MALZNER, Appellant, v. TOWN OF DOLTON, et al, Respondents.

(246 N. W. 286.)

(File No. 7450. Opinion filed December 30, 1932.)

*Alan Bogue,* of Parker, for Appellant.

*Bielski & Elliott,* of Sioux Falls, for Respondents.

POLLEY, J.   This action was brought for the purpose of excluding three government fractional lots, comprising a trifle over one hundred sixty acres of land from the corporate limits of the town of Dolton.   The land is the same as that involved in La Come v. Town of Dolton, 48 S. D. 122, 202 N. W. 389, except the strip of ground 600 feet running north and south entirely across petitioner's land.   In this case, the said strip of ground, 66 feet in width and used as a public highway, is not included in the petition.   The petition was denied in the former case, largely because of the extreme irregularity of the northern boundary of the town limits in case the petition were granted.   But in this case, if the petition were granted, the northern boundary would be a straight line, as lot No. 4 is not in the corporate limits of the town.

The town of Dolton has no sewer, water, or lighting system and no fire department or fire fighting apparatus other than an old chemical engine that cost something less than $400. The town has no electric light plant, but does have electric current which is furnished by the Northern States Power Company. None of the petitioner's land was ever divided into lots or blocks. Between the northern boundary of the platted portion of the town site and petitioner's land is a strip of ground 323 feet in width extending the entire length of petitioner's land that has never been divided into lots or blocks, and has never been used for any purpose in connection with the town. Along the northern boundary of the original town site is a row of blocks numbered 1, 6, 7, 8 and 9. There are but two houses on this entire row of blocks.

A better idea of the situation may be gained by consulting the following diagram, Exhibit A:

### EXHIBIT A.

NORTH
County Line Highway

Section Line Highway
South Line of Town of Dolton
SOUTH

Along the northern boundary of petitioner's land is a graveled county line highway. The road running north and south near the boundary line, between lots 2 and 3, was not constructed for the benefit of plaintiff's land, but to furnish an outlet for the people of the town to and from the graveled highway along the northern line of plaintiff's land. Defendant stresses the benefit of this road to plaintiff's land. Plaintiff's farm buildings are situated on the northerly part of lot 2. Her water supply is at or near the house. She cannot pasture or run stock on lot 3 without driving them across the said north and south road. Gates must be maintained where the crossings are made. The result is that every time stock, teams, or farm machinery are moved to or from the house across this roadway, two gates must be opened and shut. Plaintiff's grantor testified that the land would be worth $8 to $10 per acre more if the road were not there. This testimony was not disputed. Defendant claims that this road furnishes plaintiff a convenient means of reaching the town, but it would be just as practical and some nearer for plaintiff to go south on her own land to the north end of Main street and into town along that street; but, in any event, the exclusion of the land from the corporate limits of the town would not remove the road nor prevent plaintiff from using it.

The evidence shows that for the years 1926 to 1930, inclusive, the tax levy in the town of Dolton has been 10 mills, while in the township of Dolton for the same years the levy has been only 1.01 to 1.72 mills. The evidence shows that plaintiff's land is agricultural in character; that it has never been used for any other purpose, and there is no evidence to show that it will ever be used for any other purpose. The population of the town has never exceeded 140, and the population is less now than it was ten years ago. The trial court made finding of fact No. 9 as follows: "That plaintiff's premises are directly benefited by being within the town limits, and the residents on these premises are benefited by the highway maintained by the Town, extending through these premises, which enables them to take advantage of the graveled highway in traveling to and from the main street of the Town of Dolton, in attending the school and church at Dolton, and if this graveled highway were not maintained by the Town, and if the occupants of these premises had to go around by section

lines to get into the business section of the Town of Dolton, they would have to travel a distance of about two and a half to three miles, instead of a distance of three-quarters of a mile, as under the present conditions."

This finding of fact is contrary to the evidence in the case. The plaintiff would enjoy all of the benefits enumerated in this finding without any cost to her, and without any cost to the town, if her land were excluded from the corporate limits of the town. She is not seeking to be excluded from the school district, so that the land would still be in the independent school district of Dolton, if it were excluded from the corporate limits of the town. In other words, all of the benefits derived by plaintiff from the town of Dolton is because of the nearness of her land to the town, rather than because of the fact that the land is within the corporate limits.

As we said in Dalsgaard v. City of Dell Rapids, 61 S. D. 61, 246 N. W. 104, just decided by this court, the plaintiff derives no benefits from having her land within the corporate limits of the town that she would not enjoy if the land were excluded, and the town has no interest in retaining said land within the corporate limits other than to collect taxes thereon to be used by the town government, and, for the reasons stated in Dalsgaard v. City of Dell Rapids, supra, the petition should have been granted.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and ROBERTS and WARREN, JJ., concur.

RUDOLPH, J., dissents.