DALSGAARD, et al, Appellants, v. CITY OF DELL RAPIDS, Respondent.

(246 N. W. 104.)

(File No. 7372. Opinion filed December 30, 1932.)

*Zimmerman & Nisbet,* and *Krause & Krause,* all of Dell Rapids, for Appellants.

*A. C. Halls,* of Garretson, for Respondent.

POLLEY, J.  This is an appeal from a judgment denying the petition of the petitioners to exclude an 80-acre tract of agricultural land from the corporate limits of the city of Dell Rapids.  The land is situated in the southeast corner of the incorporated town.  It is on the opposite side of the Big Sioux river and is entirely isolated from the city by said river and also by a strip of agricultural land lying between the plaintiffs' tract and the river.  The land has never been used for any purposes other than agricultural and is not fit for use for any other purpose.  The growth of the town, what little growth there is, is on the opposite side of the town from the river and away from plaintiffs' land.  No part of plaintiffs' land has ever been platted into lots and blocks and the evidence shows that there is now more than 350 vacant lots in the platted portion of the town, and the city assessor testified that, while these lots were assessed as city property, they were nothing but agricultural land.

The evidence shows that plaintiffs' taxes amount to 40.74 mills on the assessed valuation of his land, while, if his land was excluded from the city limits, the levy would be only 12.59 mills.

There was some attempt on the part of the defendant to show that the land was more valuable by reason of being within the city limits than it would be if excluded, but this attempt was a complete failure.  The mayor of the town testified that the land was more valuable than a similar tract situated outside of the city limits, but on cross-examination he admitted that it was the nearness alone of the land to the city that makes it more valuable, and the ex-mayor also testified that it was the nearness of the land to the town that made it more valuable.  Another witness for the defendant who had served on the city council for thirty-four years admitted that the land was not needed for any city purpose and testified that he thought there were sufficient lots and ground in the platted portion of the town to take care of any future expansion of the city.  There is no doubt that the land is more valuable because it is close

to town than it would be if it was some miles out in the country, but there is no evidence to show that the land or the owners thereof receive any benefits whatever by reason of the land being within the corporate limits of the city that it would not receive if the land were excluded from the city limits. In fact, the evidence shows, too plainly for any question whatever that the land receives no benefits by reason of being within the city limits that it would not receive if excluded from the city limits and the evidence shows just as plainly that the city government has no interest whatever in keeping the land within the city limits other than to levy and collect taxes thereon.

It was shown that the occupants of the land have the benefit of the city schools, but this is immaterial because petitioners are not seeking exclusion from the school district, and the school district may continue to levy and collect school taxes if the land is excluded.

In Re Knutson (Knutson v. City of Centerville), 60 S. D. 20, 242 N. W. 637, quoting from Zajicek v. City of Wessington, 53 S. D. 315, 220 N. W. 913, 916, we said: "If the character of the land and the only prospective use therefor is purely agricultural, and it is used for that purpose only, and the only reason that the municipality can assign for desiring to retain the same is to derive an income therefrom by way of taxation, the land should be relieved of that burden, and the petition ought to be granted."

And again, we said: "The land involved was never platted, nor is there any prospect that it will ever be needed for city purposes, and, in case it ever should be needed for that purpose, it will still be in the same place where it is now, and be just as available as it is now."

Applying this rule to the present case, the petitioners' petition ought to be granted.

We have not overlooked the rule often announced by this court that the question of exclusion in cases like this is one that is vested largely in the sound judicial discretion of the trial court, and that, "On appeal, the judgment of the trial court should not be disturbed unless it clearly appears that the trial court has abused its discretion or disregarded those principles which should govern."

In this case, we believe the trial court abused its judicial discretion in denying petitioners' petition.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and ROBERTS and WARREN, JJ., concur.

RUDOLPH, J. (dissenting). I cannot agree that, from the facts disclosed in the record, it clearly appears that the trial judge abused his discretion. I therefore dissent.