Petition of PARKS et al.,

CITY OF COLTON, Appellant, v. PARKS et al. Respondents

(24 N. W.2d 919)

(File N. 8857. Opinion filed November 18, 1946.)

**Stordalh & May** and **Nils A. Boe,** all of Sioux Falls, for Appellant.

**Danforth & Danforth,** of Sioux Falls, and **Norton L. Benson,** of Hartford, for Respondents.

SMITH, J. This proceeding was instituted under SDC 45.29 for the purpose of excluding five tracts of agricultural land from the corporate limits of the City of Colton. A petition to the governing body was ineffective. A petition and hearing before the circuit court resulted in a judgment of exclusion. The city has appealed. The assignments predicate error on the insufficiency of the evidence to support the findings, and the refusal of the requested findings.

It is the duty of the court to grant the petition for exclusion if it finds that (1) the request of the petitioners

"ought to be granted" and (2) such request "can be granted without injustice to the inhabitants or persons interested." SDC 45.2904. The legislature has invested the trial court with a judicial discretion, and we are not authorized to interfere except in case of an abuse of discretion. Klosterman v. City of Elkton, 53 S. D. 324, 220 N. W. 910. In Zajicek v. City of Wessington, 53 S. D. 315, 220 N. W. 913, 916, after reviewing the course of its decisions, this court said:

"From the foregoing, it would appear that, if the land sought to be excluded is reasonably needed for residential territory and likely to be used for that purpose in the near future, and if it is important that it be retained for sanitary purposes or for the purpose of policing the same, if there be already residing upon it a considerable number of persons in close proximity to the main business or residential section, if schools, water mains, streets and sidewalks have been located with a special view to serving the territory sought to be excluded, if the proposed limits of the city would be extremely irregular, if the residents on the land are not primarily engaged in agriculture but engaged in business in the city, and have the use of water mains, sewer, electric light, and sidewalks easily accessible, or if several of the foregoing conditions coexist, or if there be other facts which show that exclusion would work injustice to the inhabitants of the municipality, there is cause for denying the petition for exclusion. On the other hand, if the character of the land and the only prospective use therefor is purely agricultural, and it is used for that purpose only, and the only reason that the municipality can assign for desiring to retain the same is to derive an income therefrom by way of taxation, the land should be relieved of that burden, and the petition ought to be granted." Zajicek v. City of Wessington, 53 S. D. 315, 220 N. W. 913, 916.

If the petition embraces territory which, under the foregoing considerations, the court is not justified in excluding, the whole request must be denied, as the court is without power to grant the petitioners' request in part. Cole v. City of Watertown, 34 S. D. 69, 147 N. W. 91; Betts v. City of Alexandria, 53 S. D. 240, 220 N. W. 494.

The foregoing principles have received legislative approval through re-enactment of the statute in one or more revisions of our statutes since their pronouncement. Brink v. Dann, 33 S. D. 81, 144 N. W. 734; Johnson v. Concrete Materials Co., 70 S. D. 95, 15 N. W.2d 4.

Colton is located in the northwest corner of Minnehaha County, twenty-seven miles from Sioux Falls. Its sole business is that of furnishing supplies and services to a stable farming community. Its population of slightly over five hundred lives in one hundred thirty dwellings and operates thirty places of business. Although the population has decreased somewhat in ten years, its dwellings are all occupied, and but a single place of business, an elevator, was closed at the time of trial. It has adequate schools, churches and parks. Within five years it has added a $23,500 investment to its water plant. It is without a sewage system, but it hopes to install such a system. Its electric service is supplied by the Interstate Power Company. Its streets are graveled and street lights are maintained. The city and surrounding townships contributed to the purchase of a fire truck. The city added other equipment and maintains the truck. With this equipment a volunteer company provides fire protection within the city and throughout the countryside.

The corporate limits of Colton are rectangular in form and embrace about 480 acres. Its platted area of approxiwately 280 acres is mostly contained within a square of eight blocks to a side. The unplatted land is on the north, south and west sides of the platted land and is made up of nine separate tracts, each of which touch both the platted land and the city limits. The business district of Colton is located in the center of the platted square. Hence, some portion of each unplatted tract is within a short distance from the heart of the city. Water and electricity are within reach of some portion of each of these tracts, and are actually in the street adjacent to a portion of one of the tracts which the petition seeks to exclude from the corporate limits.

The petition requests the exclusion of an aggregate of

108.75 acres contained in five of the above mentioned separate unplatted tracts. These tracts are agricultural in character and are without improvements aside from fencing. The result of the judgment of exclusion is to destroy the symmetry and compact form we have described. The proposed boundary line is extremely irregular. At the southwest corner of the platted area a tier or finger of improved lots protrudes into the unplatted area along the west side of one of the city's principal streets. The new boundary forms a peninsula of these improved lots with an eight-acre knob of unplatted territory at its extremity. This peninsula is about 200 feet wide across its neck. On the west of the city the exclusion of tracts on each side of an eighteen-acre un-platted tract leaves that rectangular tract with but a corner contact with the rest of the city along a 300-foot line.

As we have pointed out supra, it was said in Zajicek v. City of Wessington that there is cause for denying the petition if the proposed limits of the city would be extremely irregular. The proceedings for exclusion are limited in application to bordering territory, SDC 45.2901, and before a petition can be granted it must appear that injustice will not be done thereby to the "inhabitants or persons interested." SDC 45.2904. These provisions were motivated by a purpose to safeguard against just such an isolation of areas of a city as would result from this judgment. The undisputed facts impel the conclusion that such an extremely irregular boundary line would do an injustice to the city by enhancing the difficulties of administration and the planning of improvements, and to interested property owners by lessening the availability of the isolated area for urban uses.

The foregoing views require a reversal, cf Cole v. City of Watertown, supra, and render consideration of other propositions argued by appellant unnecessary.

POLLEY, J., not sitting.

All the Judges concur.