ENGLAND et al., Appellants, v. CITY OF RAPID CITY, Respondent

(40 N. W.2d 399)

(File No. 9028. Opinion filed December 15, 1949)

Thos. G. Wall, Sturgis, for Appellants.
H. R. Hanley, Rapid City, for Respondent.

ROBERTS, J.   The Circuit Court of Pennington County dismissed the petition of appellants to have their land excluded from the corporate limits of Rapid City.   The territory sought to be excluded embraces eight separate parcels of land aggregating about fifteen acres and is part of an area known as the Canyon Lake Area bordering within the south and west limits of the city.   Such area was annexed to the city on October 7, 1947, upon application to the board of county commissioners.   A petition signed by sufficient electors and landowners of the territory sought to be excluded was presented to the city commission and upon its failure to act petitioners on January 8, 1948, instituted the present proceedings in the circuit court.   They allege in their petition that there is no communty of interest with the platted portion of the city; that their proper-

ties are used primarily for farming and gardening; that there is no need for municipal government in the territory proposed to be excluded; and that there was no other purpose in annexing their properties than to derive additional revenues from their taxation.

Evidence was received as to police and fire protection, street and highway maintenance, sanitation, water supply and city planning. Numerous maps, photographs and documentary exhibits were introduced. On the issues made at the hearing the court found:

"Defendant City has in recent years experienced a large and phenomenal growth, much of which growth has been in the direction of and in the area in controversy. This growth has extended to and includes the area seeking exclusion to such a degree that the area covered by the expansion is now primarily urban in character. There is reason to believe that this growth will continue and that the area in question will be needed for future expansion. The area here seeking exclusion is not primarily agricultural in character or used for agricultural purposes only or primarily but any agricultural use to which said area or any parts thereof are from time to time put is incidental only. The area involved is upstream on Rapid Creek from the main and original part of Defendant City and the involved area is in a general area from which the City of Rapid City draws the major portion of its domestic water supply and that said involved area and immediately surrounding areas included in the City have grown up without control over sanitation and sewage and garbage disposal and that without such control there is danger of contamination of the water supply of said Rapid City, and it is apparent that any health hazard in this area could be a source of danger to the population of the entire City. That there is not presently adequate fire protection in the area seeking exclusion and adjoining areas recently included in the City and that the fire hazard in the general area and in the specific area seeking exclusion could be a source of danger to the surrounding parts of the City and its population. * * * Plans are under way in the Government of the Defendant City to expand civic and municipal services to

the area involved and to expand those already being furnished, and City funds have been spent with these purposes in view and other funds have been obligated for the same purposes. The area sought to be excluded and immediately surrounding area was annexed to Defendant City on October 7, 1947, and the Petition for exclusion, which is the basis of this action, was shortly thereafter filed and noticed to be heard on November 17, 1947. The pending action was filed on January 6, 1948. The Defendant City is entitled to a reasonable time in which to make available to the area the usual civic benefits and improvements of the nature and kind referred to in the preceding Findings herein, and it is apparent as set forth in preceding Findings herein that Defendant City promptly instituted the extention of civic and municipal benefits to said area. * * * The sanitation conditions in the area designated as the Canyon Lake area including the specific area sought to be excluded are and have been such as to constitute increasing hazard to the health and welfare of the City of Rapid City and its population and said City should have control over sanitation in the said Canyon Lake area including the area sought to be excluded."

The controlling statute, SDC 45.2904, reads: "If upon the hearing the Court shall find that the request of the petitioners ought to be granted and can be granted without injustice to the inhabitants or persons interested, the Court shall so order. If the Court shall find against the petitioners, the petiton shall be dismissed at the cost of the petitioners."

■■ This statute designates no specific grounds upon which exclusion may be granted, but vests the circuit court with discretionary powers. This is not an absolute discretion, but depends upon a judicial determination whether justice and equity require that the land be detached. The determination must rest upon the facts and circumstances of each case. Neeman v. Chancellor, 54 S.D. 573, 223 N.W. 938; Zajicek v. Wessington, 53 S.D. 315, 220 N.W. 913; City of Colton v. Parks, 71 S.D. 401, 24 N.W.2d 919. In Klosterman v. City of Elkton, 53 S.D. 324, 220 N.W. 910, 913, this court said: "On appeal, the judgment of the trial court

should not be disturbed unless it clearly appears that the trial court has abused its discretion or disregarded those principles which should govern."

In many cases granting exclusion it appears that the land sought to be excluded was used for agricultural purposes; that the land was not platted and was not needed for the future growth of the municipality; and that the only reason that could be assigned for retaining the land was to derive an income from its taxation. Caster v. Town of Dante, 54 S.D. 572, 223 N.W. 939; Thiel v. City of Alexandria, 41 S.D. 427, 171 N.W. 209; Knutson v. City of Centerville, 60 S.D. 20, 242 N.W. 637; Dalsgaard v. City of Dell Rapids, 61 S.D. 61, 246 N.W. 104; Waring v. South Sioux Falls, 72 S.D. 215, 31 N.W.2d 766. The record fails to sustain petitioners in their contention that the tracts sought to be excluded are used primarily for agricultural purposes. It appears that there are residents of the territory who derive some revenue from truck gardening, but no resident gains his livelihood or any substantial part thereof from farming or truck gardening. Some of them are employed or earn their living in Rapid City. The land is not agricultural in character or use.

■■ Appellants lay great stress on the fact that they do not need or desire municipal government in the territory and that there are no compensating benefits. It cannot be seriously questioned that if retention of the territory promises the greatest development and is in the public interest the wishes of petitioners are not paramount. As thus aptly expressed in Henrico County v. City of Richmond, 177 Va. 754, 789, 15 S.E.2d 309, 321: "As long as he lives in an isolated situation his desire for lesser services and cheaper government may be acquiesced in with complacency, but when the movement of population has made him a part of a compact urban community, his individual preferences can no longer be permitted to prevail. It is not so much that he needs the city government, as it is that the area in which he lives needs it." Appellants do not now enjoy the same benefits that the inhabitants of the platted part of the city enjoy, and the city attorney concedes that there is an obligation to the appellants to extend within a reasonable

time the usual and ordinary benefits incident to the needs of a municipality. It was shown that the city proposes to extend its water mains and other municipal services to the territory in question. As we have already observed, the tracts described in the petition were annexed as a part of the area known as the Canyon Lake Area and that shortly thereafter appellants instituted the present proceeding. We think that the court below was right in holding that the city is entitled to a reasonable time in which to make available to the territory the usual city services and that petitioners cannot now assert that having derived no benefits they are taxed solely for the benefit of others and that the city seeks to retain their properties within its limits for the purpose of taxation.

The evidence shows that there has been a rapid growth in the population of the municipality involved and particularly in the Canyon Lake Area. It is the claim of the city that control of the territory in question is necessary for the regulation of sanitary conditions and for the purpose of affording police and fire protection and that the territory is needed for the future growth of the city. There is a mass of evidence in this connection and particularly with reference to sanitation and much of the evidence on behalf of the city is in sharp conflict with that of the appellants. The Canyon Lake Area is upstream on Rapid Creek from the main part of the city and is the source of a part of the water supply of the city. A state health department engineer testified to the need of controlled collection and disposal of garbage and of other measures in this area to safeguard the public health. We do not think it necessary to recite in detail the evidence as it relates to the expediency and necessity of retaining the territory in question within the limits of the city. It is conflicting and suffice it to say that there is ample evidence to sustain the findings of the trial court.

The decree entered below is therefore affirmed.

All the Judges concur.