BROOKS et al., Respondents v. CITY OF SOUTH SIOUX
FALLS, Appellant

(73 N.W.2d 339)

(File No. 9522. Opinion filed December 7, 1955)

**J. B. Shultz**, Sioux Falls, for Defendant-Appellant.

**Boyce, Warren, Murphy & McDowell,** Sioux Falls, for Petitioners-Respondents.

RENTTO, J. ▉ This proceeding concerns the exclusion of land from the corporate limits of the city of South Sioux Falls. The governing body of the city refused to grant the exclusion requested by petitioners. A similar request was presented to the circuit court pursuant to SDC 45.2903. The hearing had in circuit court resulted in a judgment granting the exclusion. The city has appealed. It urges that the evidence was insufficient to support the findings made and that the court erred in refusing to adopt its requested finding. The evidence as to the material features is not in dispute. The judgment of the trial court should not be disturbed unless it clearly appears that the trial court has abused its discretion or disregarded those principles which should govern. England v. City of Rapid City, 73 S.D. 197, 40 N.W.2d 399.

▉ The only statutory guide available to the court in this type of proceeding is SDC 45.2904. That section provides that the court shall order the exclusion if it finds that it "ought to be granted and can be granted without injustice to the inhabitants or persons interested". It is for the court, in the exercise of a judicial discretion, to determine whether justice and equity require that the land be detached. England v. City of Rapid City, supra. Presumptively the decision of the governing body of the city is right and should not be overruled unless it is clearly shown that no injustice would be done to the remaining portion of the city. Qualey v. City of Brookings, 18 S.D. 581, 101 N.W. 713. Petitioners have the burden of showing good reason for the exclusion they request. LaCome v. Town of Dolton, 48 S.D. 122, 202 N.W. 389.

The principles which govern in the determination of the basic questions involved in proceedings such as this were enumerated by this court in Zajicek v. City of Wessington, 53 S.D. 315, 220 N.W. 913, and were recently quoted with approval in City of Colton v. Parks, 71 S.D. 401, 24 N.W. 2d 919. Appellant's assault upon the judgment of the lower

court is confined to three of these principles: (1) That the land sought to be excluded is reasonably needed for residential territory and likely to be used for that purpose in the near future; (2) That the proposed limits of the city would be extremely irregular; (3) That it is important that the area sought to be excluded be retained for sanitary purposes.

 The area involved is all of section 31 except a 60-acre triangular tract in the southeast corner thereof. The south line of the section is on the south boundary of the town and its west line is on the west boundary. The Sioux River runs through the section from northwest to southeast with roughly half of the section on each side of the river. The city concedes that a substantial part of the 580 acres involved merits exclusion under established principles. In this classification it places all of the land west of the river, but contends that east of the river there is land, the exclusion of which violated the principles above set out. If any of the land in the area involved is such that its exclusion is not justified under the principles enumerated in Zajicek v. City of Wessington, supra, then the request must be denied in its entirety. City of Colton v. Parks, supra.

The area excluded is agricultural land. It is not laid out into blocks or lots and there are no streets or alleys in the area. Three families reside on the tract. They use the roads along the boundary of the city to enter and leave the property they occupy. South Sioux Falls has no municipal water or sewerage system. A water system is planned and its feasibility has been established by preliminary survey. It has a volunteer fire department with modern motorized equipment that can be called at any hour. The police force consists of a chief and a patrolman, with two deputies subject to call. It is equipped with a patrol car and police radio facilities. It patrols the entire city and on occasions has been called to the excluded area. The city maintains a street department that has available modern road machinery and equipment. This department builds, gravels and maintains its streets and removes snow and weeds therefrom. The excluded area has received the benefit of these services. The boundary roads around the excluded area are maintained by South Sioux Falls in connection with the other interested

governmental subdivisions. Including the boundary roads, the city maintains twenty-one miles of streets. It recently rebuilt the road on the west boundary of the excluded area and is presently planning extensive improvement of the road on the north boundary. On occasions it has removed obstructions from the river to minimize flooding of the excluded area. The excluded area has available about the same measure of municipal services as are furnished the other inhabitants.

In the forty years from 1905 to 1945 the population of the city grew from 103 to 669. In the five years from 1945 to 1950 it increased to 1,586. This is an increase of 917, or about 137%. That this growth has continued is evidenced by the residential permits issued since 1949 for locations in the central and western part of the city. These are as follows: 1950—83, 1951—37, 1952—43, 1953—38, and in 1954 to November 17—81. The present trend of the construction is in the direction of the area excluded. Of the permits issued in 1954, 81 were for locations in the central and western part of the city and only 7 for locations in the eastern part. The westward progress of the residential development has reached the point where a number of homes have been built along the street bordering the excluded area on the east. These are to the north of the area. None of the recent construction has been on the excluded area. Residential building is contemplated on sites across the street to the east of the excluded area. A similar interest is evidenced concerning sites across the street on the north. In other words, the residential portion of the city as built and presently contemplated approaches the excluded area on the north and east.

South Sioux Falls and the city of Sioux Falls are contiguous municipalities. While they are separate legal entities, in many respects they constitute one community. Many of the facilities of the largest city in the state, by this proximity, become readily available to the residents of South Sioux Falls. The north boundary of South Sioux Falls is along the south boundary of Sioux Falls. The north and south streets in South Sioux Falls appear to be continuations of streets in Sioux Falls. Before the exclusion South Sioux

Falls covered an area of twenty-three hundred acres. The exclusion reduces this about twenty-five percent. The record is not clear as to the number of residential building sites that will be available in the city after the exclusion. However these facts concerning that feature are disclosed. Only a few remain in the eastern part of the city. A railroad runs through the southern part of the city in a northeasterly direction. An area about equal to the excluded area lies south of the railroad. The river runs through this area in an easterly direction. There are no residences in this area nor is it platted into lots and blocks. Obviously the railroad and the river render this area undesirable for residential development. Many large areas north of the railroad that might have been used for residential purposes have been devoted to industrial use. Much of the excluded area east of the river is level and usable for residential purposes.

Any evaluation of the prospective growth of South Sioux Falls must have due regard for its recent rate of population increase, its relation to the city of Sioux Falls, and the accelerated rate at which residences are being built in urban areas. The undisputed evidence in this record impels the conclusion that much of the excluded area east of the river is reasonably needed by the city for residential territory and will likely be used for that purpose in the near future. It seems to us that the exclusion of this part of the area does an injustice to the remaining portion of the city. That the eastern part of the excluded area, whether it is in or out of the city, will be occupied by residences in the near future seems inevitable. It would be an injustice to the inhabitants of the city in close proximity thereto, to have such development take place with this area freed of municipal building regulations and other restrictions designed to promote the public welfare, safety and comfort. These views require a reversal of the judgment entered and make unnecessary a consideration of the other propositions urged by appellant.

All the Judges concur.